[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12383

_____

D. C. Docket No. 8:10-cv-00819-SDM-TBM

HILLCREST PROPERTY, LLC,

Plaintiff-Appellee,

versus

PASCO COUNTY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 18, 2014)

Before TJOFLAT, FAY and ALARCÓN,* Circuit Judges.

ALARCÓN, Circuit Judge:

_____

*Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

In this civil rights action, brought by Hillcrest Property, LLC ("Hillcrest") pursuant to 42 U.S.C. § 1983, Pasco County appeals from the District Court's decision granting a partial summary judgment on Hillcrest's motion and issuing a permanent injunction against enforcement of the Right-of-Way Preservation Ordinance ("Ordinance").  The District Court held that the Ordinance facially violates substantive due process under the Fourteenth Amendment, and that this claim was not barred by the statute of limitations.  It also denied Pasco County's motion for summary judgment on Hillcrest's as-applied substantive due process claim.  No final judgment has been entered in this matter because Hillcrest's as-applied claim is still pending before the District Court.  We have jurisdiction over the District Court's interlocutory order granting a permanent injunction pursuant to 28 U.S.C. § 1292(a)(1).  We also have pendent jurisdiction over the District Court's order granting Hillcrest's motion for partial summary judgment based on its claim that the Ordinance is a facial substantive due process violation.  *See Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.* (*In re Bayshore Ford Trucks Sales, Inc.*), 471 F.3d 1233, 1260 (11th Cir. 2006) (holding that federal courts have pendent appellate jurisdiction over an "otherwise nonappealable interlocutory order" if it is "'inextricably intertwined' with or 'necessary to ensure the meaningful review' of an injunctive order." (quoting *Hudson v. Hall*, 231 F.3d

2

1289, 1294 (11th Cir. 2000))). We vacate the permanent injunction and summary judgment on Hillcrest's facial challenge because we are persuaded that the statute of limitations began running on the date the Ordinance was enacted.

## I

The Pasco County Board of County Commissioners ("Commissioners") enacted the Right-of-Way Preservation Ordinance on November 22, 2005. It is part of a comprehensive plan to expand public highways in the county by 2025. (Doc. No. 36, Exh. E.) One of the highways set for expansion within this plan is State Road 52 ("SR 52"). (Doc. No. 36, Exhs. B–D.) The Ordinance requires landowners whose property encroaches on SR 52 to convey in fee simple a portion of their property as a condition for receiving a development permit from the County. (ER 125; Pasco County Land Development Code § 901.2(H).) The Ordinance also contains a provision allowing developers to seek a dedication waiver upon a showing that the "amount of land required to be dedicated to the County . . . exceeds the amount of land that is roughly proportional to the transportation impacts of the proposed development site." (ER 126–30; Pasco County Land Development Code § 901.2(I).)

Hillcrest, a property development company, has owned property encroaching on SR 52 since April 2001. (Doc. No. 36, Exh. A.) On October 21,

3

2003, the Commissioners approved Hillcrest's request to modify the property's zoning conditions to allow for its commercial development. (ER 28; Doc. No. 96 at 2; Doc. No. 77-2 at 1.) On December 18, 2006, Hillcrest submitted a preliminary site plan seeking a development permit from Pasco County to build a commercial retail shopping center. (ER 34; Doc. No. 96 at 4; Doc. 77-4 at 1.) Pasco County informed Hillcrest on February 3, 2007, that it would be required to dedicate a portion of its property fronting SR 52 as a condition for approval of the permit. (ER 35; Doc. No. 77-1 at 3; Doc. 77-4 at 1–2.) Negotiations between the parties to reach a settlement agreement failed. (Doc. No. 36 at 12–16.) Hillcrest filed suit in the District Court on April 7, 2010. (Doc. No. 1.)

## II

Pasco County contends that the District Court erred in holding that Hillcrest's facial due process claim did not accrue on November 22, 2005, the date the Ordinance was enacted. Instead, the District Court held that Hillcrest's facial claim was timely filed within the four-year statute of limitations because it did not begin to run until Pasco County subjected Hillcrest to the Ordinance, either on December 18, 2006, when Hillcrest applied for site plan approval, or on February 3, 2007, when Pasco County denied the site plan. (ER 186.)

4

"The decision to grant or deny an injunction is reviewed for clear abuse of discretion, but underlying questions of law are reviewed de novo." *FEC v. Reform Party of the U.S.*, 479 F.3d 1302, 1306 (11th Cir. 2007). This Court reviews de novo a district court's grant of summary judgment. *Reserve, Ltd. v. Town of Longboat Key*, 17 F.3d 1374, 1377 (11th Cir. 1994).

Section 1983 claims are subject to a forum state's statute of limitations for personal injury claims. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). In Florida, a personal injury claim must be filed within four years. *Id.* This Court has held that a cause of action under § 1983 does not accrue until "the plaintiffs know or should know . . . that they have suffered [an] injury that forms the basis of their complaint." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing *Mullinax v. McElhenny*, 817 F.2d 711, 716 (11th Cir. 1987)). This Court has yet to determine whether this "know or should know of an injury" accrual rule applies to a facial constitutional challenge to an ordinance or a statute pursuant to § 1983.

Some of our sister circuits, however, have applied this rule to facial substantive due process claims alleging property deprivations. *See Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1027 (9th Cir. 2007) (applying this accrual rule to a facial substantive due process claim

5

challenging a rent control ordinance); *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103

F.3d 516, 520–21 (6th Cir. 1997) (applying rule to a facial substantive due process

claim challenging a county ordinance that barred through-truck traffic on certain

roads). In doing so, both the Sixth and the Ninth Circuit relied heavily upon prior

precedent holding that a facial takings claim accrues upon enactment of the statute.

We also find this to be an appropriate starting point in our analysis.

The Ninth Circuit distinguished between facial takings claims and other

types of facial challenges in *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688

(9th Cir. 1993). The owner of a mobile-home park filed a facial takings claim long

after the challenged city ordinance was enacted. *Id.* He argued that he "should be

allowed to bring an action challenging the enactment of a statute as a taking

without just compensation at any point." *Id.* In rejecting his contention, the Ninth

Circuit explained:

> This argument misapprehends the differences between a statute that
> effects a taking and a statute that inflicts some other kind of harm. In
> other contexts, the harm inflicted by the statute is continuing, or does
> not occur until the statute is enforced—in other words, until it is
> applied. In the takings context, the basis of a facial challenge is that
> the very enactment of the statute has reduced the value of the property
> or has effected a transfer of a property interest. This is a single harm,
> measurable and compensable when the statute is passed. Thus, it is
> not inconsistent to say that different rules adhere in the facial takings
> context and other contexts.

6

*Id.* The Ninth Circuit reasoned in *Levald* that in the context of a facial takings claim, the harm occurs immediately upon, and because of, the statute's enactment: the property value depreciates and a taking occurs as soon as the statute goes into effect. *Id.* Thus, the injury necessarily occurs upon the statute's enactment. *Id.*

The Sixth Circuit subsequently relied upon *Levald* in determining when the appellant's facial takings and facial substantive due process claims accrued. *Kuhnle Bros., Inc.*, 103 F.3d at 521. In holding that the appellant's facial takings claim was time-barred, it adopted *Levald*'s reasoning that the injury in a facial takings claim occurs upon the statute's enactment because the enactment of the statute either "'has reduced the value of the property or has effected a transfer of a property interest.'" *Id.* (quoting *Levald, Inc.*, 103 F.3d at 688). The Sixth Circuit concluded that the appellant's "substantive Due Process claim for deprivation of property is time-barred for the same reason." *Id.* It reasoned that "[a]ny deprivation of property that [the appellant] suffered was fully effectuated when [the county ordinance] was enacted, and the statute of limitations began to run at that time." *Id.* (citing *Ocean Acres Ltd. P'ship v. Dare Cnty. Bd. of Health*, 707 F.2d 103 (4th Cir. 1983)).

The Ninth Circuit has also applied the accrual rule it developed in the facial takings context to substantive due process claims alleging property deprivations.

7

In *Action Apartment Association*, an association of landlords filed suit in 2004 against the city of Santa Monica, alleging that a rent control ordinance, which was first enacted in 1979, was a facial violation of substantive due process.  509 F.3d at 1022.  In holding that the facial substantive due process claim was time-barred, the Ninth Circuit applied the accrual rule it adopted for facial takings claims:

> [T]he logic for the accrual rules in the takings context applies with equal force in the substantive due process context.  Given the general rule that "the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury," it stands to reason that any facial injury to any right should be apparent upon passage and enactment of a statute.

*Id.* at 1027 (quoting *De Anza Props. X, Ltd. v. Cnty. of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1981)).

Extending the accrual rules for facial takings claims to facial substantive due process claims was logical under the facts of *Action Apartment Association*, where, as in *Levald*, the value of the property at issue depreciated when it became subject to the rent control ordinance.  The injury occurred at the time the ordinance was enacted and would have been apparent to the current landowner upon the ordinance's passage and enactment.  Any future owners could not arguably have suffered an injury because the "price they paid for the [property] doubtless reflected the burden of rent control they would have to suffer."  *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1120 (9th Cir. 2010).

8

We are persuaded by the reasoning expressed by our sister circuits in *Kuhnle* and *Action Apartment Association*. Hillcrest's land became encumbered immediately upon the Ordinance's enactment in 2005. Its property would have decreased in value at that time because any current or future development plans would have been subject to the Ordinance's requirement that, in exchange for granting a commercial development permit, Hillcrest would have to deed part of the land to the county without payment for the acquisition. This injury should have been apparent to Hillcrest upon the Ordinance's passage and enactment because it had been the owner of the property since 2001 and had been actively engaged in developing the property since at least 2003. *See Asociación de Suscripción Conjunta del Seguro de Responsibilidad Obligatorio v. Juarbe-Jiménez*, 659 F.3d 42, 50 (1st Cir. 2011) ("[A] plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt.").

## Conclusion

We are persuaded that Hillcrest's facial substantive due process claim accrued when the Ordinance was enacted on November 22, 2005, and was time-barred when Hillcrest filed this action more than five years later on April 7, 2010.

9

Accordingly, we vacate the District Court's order to the extent that it granted summary judgment and a permanent injunction in favor of Hillcrest on its facial substantive due process claim.  We express no view as to the merits of Hillcrest's pending as-applied substantive due process claim.

**VACATED; and REMANDED.**

10