[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10618

Non-Argument Calendar

_____

ALA MANAGEMENT, LLC,

Plaintiff-Appellant,

*versus*

HALL COUNTY, GEORGIA,
A political subdivision of the State of Georgia,
HALL COUNTY BOARD OF COMMISSIONERS,
RICHARD HIGGINS,
KATHY COOPER,
BILLY POWELL,
In their individual and official capacities as
Hall County Commissioners and constituting
the Hall County Board of Commissioners et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:22-cv-00020-SCJ

————————————

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant ALA Management, LLC appeals the district court's decision in favor of Appellees[1] on ALA Management's 42 U.S.C. § 1983 claims for alleged violations of the right to substantive and procedural due process under the Fourteenth Amendment and a Takings Clause violation under the Fifth Amendment. After careful review, we affirm.

**I.**

ALA Management owns a four-bedroom home in Hall County, Georgia, and has used the property as a single-family residence for nearly twenty years. In 2019, the Hall County Board of Commissioners approved a new ordinance that provided a

---

[1] ALA Management sued Hall County, Georgia, Hall County Board of Commissioners, and individual Hall County Commissioners, Richard Higgins, Kathy Cooper, and Bill Powell. For ease, this opinion will refer to them collectively as Appellees.

"standard for short term rentals of privately owned residential structures used as vacation homes and rented to transient occupants." As part of this new ordinance, owners of homes wanting to use their property as short-term rentals must apply for a business license, pay a rental fee, and submit to a building inspection.

ALA Management applied for the license, paid the fee, and had the property inspected. Following the inspection, the Environmental Health Department found that the septic system on the property was rated for one bedroom instead of four bedrooms. As an approved one-bedroom residence ALA Management could not rent to more than five people. If the property had been approved as a four-bedroom residence, ALA Management could have rented to eleven people. To approve the property for use as a four-bedroom residence under the ordinance, ALA Management had to replace the septic system. ALA Management was unaware of the septic system deficiency before this inspection. Ultimately, ALA Management upgraded the septic system, re-applied, and received a license to use the property as a four-bedroom residence.

On December 1, 2020, ALA Management sued Appellees in the Superior Court of Hall County for violating its constitutional property rights. Specifically, ALA Management asserted Section 1983 claims for violations of its rights to substantive and procedural due process and alleged that the ordinance amounted to a regulatory taking of its property. But it never perfected service while in state court and ultimately dismissed the suit on February 2, 2022.

Then, ALA Management sued the Appellees in the Northern District of Georgia on February 4, 2022, asserting the same claims.

Appellees moved to dismiss because ALA Management's substantive and procedural due process claims were time barred and because ALA Management failed to plead sufficient facts to state a claim. The district court granted the motion to dismiss, agreeing that the substantive and procedural due process claims were barred by Georgia's two-year statute of limitations and finding that the renewal statute did not apply because ALA Management failed to perfect service in state court. Even if the due process claims were not time-barred, the court held that ALA Management failed to plausibly state them, and similarly failed to state a regulatory taking claim. ALA Management timely appealed.

## II.

"We review a district court's grant of a motion to dismiss with prejudice de novo, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 863–64 (11th Cir. 2017) (internal quotations omitted and alteration adopted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

24-10618                Opinion of the Court                5

### III.

ALA Management argues that the district court erred in finding its substantive and procedural due process claims were time barred because under Georgia law, a case can be recommenced in federal court within six months of dismissal in a previous state court case. *See* O.C.G.A. § 9-2-61. ALA Management asserts that service was perfected for its federal suit in May 2022, within six months of dismissing the case in Hall County Superior Court.

"Section 1983 claims are subject to a forum state's statute of limitations for personal injury claims." *Hillcrest Prop., LLC v. Pasco Cnty.*, 754 F.3d 1279, 1281 (11th Cir. 2014). In Georgia, "actions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33.

The ordinance was passed in 2019.[2] ALA Management's lawsuit was filed in federal court in February 2022—well past the two-year statute of limitations. But ALA Management points to its first lawsuit in state court that was filed in December 2020, within two years of the passage of the ordinance. ALA Management asserts that using the Georgia renewal statute, the federal lawsuit is not time barred.

The Georgia renewal statute states:

---

[2] ALA Management's operative complaint stated Hall County Ordinance 17.216 was passed in 2018, but that the ordinance at issue here is Hall County Ordinance 17.216.070, which was passed in March 2019.

> When any case has been commenced in either a state
> or federal court within the applicable statute of limi-
> tations and the plaintiff discontinues or dismisses the
> same, it may be recommenced in a court of this state
> or in a federal court . . . within six months after the
> discontinuance or dismissal.

O.C.G.A. § 9-2-61(a). "The renewal statute applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant." *Hudson v. Mehaffey*, 521 S.E.2d 838, 839 (Ga. Ct. App. 1999) (internal citation omitted and internal quotation marks omitted). "The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." *Hobbs v. Arthur*, 444 S.E.2d 322, 323 (Ga. 1994).

ALA Management has not shown that service was perfected in the state court action it filed in December 2020, only that it attempted "to reach a tentative agreement regarding acceptance of service." Without perfected service, the state court suit was never a valid action, and the renewal statute does not apply. The district court did not err in finding that ALA Management's substantive and procedural due process claims were time barred.[3]

---

[3] ALA Management also argues that district court erred when it found in the alternative that ALA Management failed to state a claim for relief for its procedural and substantive due process claims. Because we affirm the district court on the statute of limitations issue for these claims, we need not decide whether the district court's alternative holding is correct.

## IV.

ALA Management argues that the district court erred in finding that ALA Management failed to state a claim for its takings clause violation based on the ordinance.  ALA Management asserts that it alleged factual support showing that the reduction of the use of its property to a one-bedroom residence before upgrading the septic system, eviscerated its investment-backed expectations, supporting its takings claim.

Factfinders should consider three factors when determining whether a zoning ordinance constitutes a taking: "The economic impact of the regulation on the claimant," "the extent to which the regulation has interfered with distinct investment-backed expectations," and "the character of the governmental action." *S. Grande View Dev. Co., Inc. v. City of Alabaster*, 1 F.4th 1299, 1310 (11th Cir. 2021) (citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978)).

ALA Management's operative complaint alleges that the "adoption of the Ordinance deprived Plaintiff of the economically viable and long-term historic use of its Property" and "interferes with Plaintiff's legitimate investment-backed expectations."  ALA Management's argument centers around the fact that it would not make as much money renting the property as a one-bedroom residence as it would have rented it out as a four-bedroom residence.  Also, ALA Management had no expectation that it would be unable to lease its property as a four-bedroom because it had historically been used as a four-bedroom single-family residence.  But simply

because ALA Management cannot use the property as "exactly what it originally wanted does not mean that its investment-backed expectations are eradicated." *Baytree of Inverrary Realty Partners v. City of Lauderhill*, 873 F.2d 1407, 1410 (11th Cir. 1989).

Although most of ALA Management's arguments center around the investment-backed expectation factors, the district court also properly found that there were no plausible allegations for the remaining two factors to support ALA Management's takings claim. As to the government action, the ordinance does not constitute an intrusion onto ALA Management's property that is "so onerous that its effect is tantamount to a direct appropriation or ouster." *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 537 (2005). It does not prevent ALA Management from using the property as a single-family residence, as it once was, or as a short-term rental with a lower economic benefit. *See id.* at 539 (indicating that government programs that affect property interests by merely adjusting economic benefits and burdens likely do not rise to the level of a taking). As to the economic impact, even though the most beneficial use of the property would be to rent it out as a four-bedroom residence, the reduction to a one-bedroom residence is not enough to support an unlawful taking. *See Nasser v. City of Homewood*, 671 F.2d 432, 438 (11th Cir. 1982) (explaining neither a "deprivation of the most beneficial use of the land," nor "a severe decrease in the value of property" is enough to establish a takings claim).

Thus, the district court did not error in finding that ALA Management failed to state a claim for a Takings Clause violation.

24-10618               Opinion of the Court                    9

Accordingly, we find no reversible error in the district court's order.

**AFFIRMED.**