[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15136
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00308-JSM-PRL


BARBARA MCCOURTNEY-BATES,

Plaintiff-Appellant,

versus

JEFFREY J. DAWSY,
Citrus County Sheriff,
RONALD KEITH CZECHOWSKI,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 8, 2017)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Barbara McCourtney-Bates discovered in 2013 that Jeffrey Dawsy and Ronald Czechowski had accessed her personal information stored on Florida's "Driver and Vehicle Information Database." In 2015 she filed this lawsuit, asserting claims against Dawsy and Czechowski under the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721–2725, and 42 U.S.C. § 1983. The district court granted summary judgment in favor of Dawsy and Czechowski, ruling that McCourtney-Bates' claims were time-barred. That was because the four-year statute of limitations for both claims began to run when the information was accessed, and about eight years had elapsed between the date Dawsy and Czechowski accessed her information and the date McCourtney-Bates filed her lawsuit. This is her appeal.

As an initial matter, McCourtney-Bates' briefs do not challenge the district court's grant of summary judgment to Dawsy and Czechowski on her § 1983 claim. That means that she has abandoned all arguments relating to that claim. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680–81 (11th Cir. 2014).

As to her claim under the Driver's Privacy Protection Act, McCourtney-Bates does not challenge the district court's conclusion that her claim is subject to a four-year statute of limitations, that that limitations period began to run when the violation occurred, and that more than four years passed between the date of the violation and the date that she filed this lawsuit. Her sole contention is that the

2

limitations period was equitably tolled until she discovered the violation in 2013 because a violation of the Act is "self-concealing."

That contention is foreclosed by our decision in Foudy v. Indian River County Sheriff's Office, Nos. 15-14646, 15-14659, 15-15015, __ F.3d __, 2017 WL 74696 (11th Cir. Jan. 9, 2017). The plaintiffs in that case, like McCourtney-Bates here, asserted a claim under the Act because law enforcement officials had unlawfully accessed their information on the Florida driver database. Id. at *1. We held that "the illegal act of accessing the database without a legitimate purpose does not by necessity involve a deception, misrepresentation, trick, or contrivance." Id. at *5. "As a result, [Driver's Privacy Protection Act] violations are not self-concealing, and [plaintiffs] cannot reap the benefit of equitable tolling." Id. We are bound to follow that holding. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

Accordingly, the district court did not err in finding that the limitations period for McCourtney-Bates' claim had not been equitably tolled.

**AFFIRMED.**

3