[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13860
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-00392-BJD-JBT

DIANNE ROBERTA ADENIJI,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL MIDDLE DISTRICT OF FLORIDA, ATTORNEY
GENERAL PAM BONDI, CIVIL RIGHTS DIVISION,

Defendant-Appellee,

ATTORNEY GENERAL PAM BONDI, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 6, 2019)

Before WILSON, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Dianne Roberta Adeniji appeals from the district court's orders dismissing her *pro se* civil rights complaint and denying her post-dismissal "motion not to dismiss case."[1]  On appeal, she argues that the district court abused its discretion because (1) she did not need to amend her complaint where the underlying cause of action remained the same and (2) the district court's language showed bias against her.

District courts have the inherent authority to control their dockets and ensure prompt resolution of lawsuits.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).  This authority includes the ability to strike *sua sponte* a complaint that does not comply with the pleading standards in Federal Rule of Civil Procedure 8(a) and to order the plaintiff to file an amended complaint curing the deficiencies.  *Id.*  Under Rule 41(b), district courts may dismiss a lawsuit *sua sponte* for failure to comply with such orders.  *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

---

[1] Adeniji filed one additional motion, which we deny as unnecessary.  After labeling her initial brief an amicus brief, she motioned this Court "to answer the amicus brief."  This Court considers parties' briefs in deciding an appeal, and therefore need not separately "answer" their briefs.  *See, e.g.*, 11th Cir. R. 34-3(b) (stating that a panel of this Court may assign an appeal to the non-argument calendar after an examination of the briefs and records).

We review the district court's dismissal of an action for failure to follow a court order for an abuse of discretion. *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017) (citation omitted). Generally, where a litigant has been forewarned, dismissal for failure to comply with a court order does not constitute an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citation omitted). In addition, a dismissal without prejudice generally does not constitute an abuse of discretion, because the plaintiff may simply refile the action. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) ("[B]ecause the case was dismissed without prejudice, we cannot say that the district court abused its discretion.").

Here, the district court did not abuse its discretion in dismissing the complaint, because Adeniji was forewarned that her failure to amend her complaint to comply with the pleading standard and specify the basis for her claims against the Attorney General would result in dismissal, and she expressly refused to amend the complaint. *Moon*, 863 F.2d at 837. Her argument that she does not need to amend the complaint to add more facts because the underlying cause of action would remain the same does not address the pleading deficiencies noted by the district court. In addition, the dismissal was without prejudice, so Adeniji is free to refile her action. *See Dynes*, 720 F.2d at 1499.

3

Adeniji also argues that the district court demonstrated bias against her by denying her "motion not to dismiss case" using racially-charged language—the court denied the motion "in light of" the fact that the case had already been dismissed. Although a judge's remarks can demonstrate "pervasive bias and prejudice," *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (quotation omitted), there is no indication that this phrase was related to race in any manner. And the fact that Adeniji's motion was denied is not relevant, as adverse rulings do not constitute evidence of pervasive bias. *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983) (citation omitted).

The district court did not abuse its discretion by dismissing Adeniji's complaint without prejudice because she failed to comply with several orders to file an amended complaint, and it did not show bias in the language it used to deny her motion not to dismiss the case.

**AFFIRMED.**