[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11430

Non-Argument Calendar

_____

RONALD DAVID JONES,

Plaintiff-Appellant,

versus

GADSDEN COUNTY HIGH SCHOOL,
PAMELA JONES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cv-00497-RH-MAF

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges

PER CURIAM:

Ronald David Jones, *pro se*, appeals the district court's dismissal of his action alleging claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 for failure to follow a court order and failure to prosecute. He argues that the district court erred by dismissing his case because his complaint stated a viable claim. Because Jones doesn't contest on appeal the basis of the district court's dismissal of his case—and thereby abandons the issue—we affirm.[1]

"Issues not briefed on appeal"—even by a *pro se* litigant—"are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Here, we may affirm for this reason alone because Jones, in his opening brief, has abandoned any argument that the district court abused its discretion when it dismissed his case for failure to

---

[1] We review a district court's decision to dismiss a complaint for failure to follow a court order for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). We also review for abuse of discretion a district court's decision to dismiss a complaint for failure to prosecute. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

21-11430               Opinion of the Court                        3

follow a court order and failure to prosecute. *See Timson*, 518 F.3d at 874. He argues on appeal that he is entitled to a liberal construction of his claims and that his complaint stated a viable claim; he does *not* address the basis for the court's dismissal—his failure to follow a court order and to prosecute his case. Accordingly, because Jones failed to properly challenge the basis of the district court's judgment, "the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680.[2]

---

[2] Because Jones is *pro se*, and in the interest of completeness, we note that the court did not abuse its discretion by dismissing Jones's case for failure to follow a court order and failure to prosecute. A district court may dismiss a case *sua sponte* because of the plaintiff's failure to comply with the court's rules or because of his failure to prosecute. *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Even though we construe **Error! Main Document Only.***pro se* pleadings liberally, *pro se* litigants are nonetheless expected to comply with procedural requirements. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Here, the district court warned Jones three times that disregarding its orders could result in his case's dismissal, and yet Jones still failed to comply with the court's order to file a third amended complaint. Even though Jones is a *pro se* litigant, he must comply with the district court's procedural requirements. *Albra*, 490 F.3d at 829. Accordingly, the district court did not abuse its discretion by *sua sponte* dismissing Jones's case for failure to comply with a court order and failure to prosecute.

4                          Opinion of the Court                     21-11430

AFFIRMED.