[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12147

Non-Argument Calendar

_____

ARNOLD A. COVINGTON,

Plaintiff-Appellant,

*versus*

STEVEN SMITH,
Deputy,
CHRISTOPHER MCHUGH,
Sgt.,
MICHEAL GETTERELLO, JR.,
Deputy,
BOB GUALTIERI,
Sheriff, Pinellas County,
MARION VIERA,

2                    Opinion of the Court                    21-12147

Lieutenant, Individual Capacity, Official Capacity,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02400-TPB-SPF

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Arnold Covington, a Florida prisoner, appeals *pro se* the district court's *sua sponte* dismissal of his civil rights complaint as time-barred under 28 U.S.C. § 1915A.

Mr. Covington initially filed a complaint under 42 U.S.C. § 1983 on October 9, 2020, against various officials from the Pinellas County Sheriff's Office. He later filed a second amended complaint that alleged violations of his Fourth and Fourteenth Amendment rights based on conduct that began in 2014 and led to his arrest. The district court concluded that his complaint was time-barred under the applicable four-year statute of limitations because the allegations in his complaint showed that his claims accrued more than four years before he brought his action, and the statute

of limitations was not tolled.  After review of the record and Mr. Covington's brief, we affirm in part and vacate in part.[1]

I

Mr. Covington filed his initial § 1983 complaint on October 9, 2020.  In his second amended (and operative) complaint, he stated that he was convicted in state court of drug charges involving marijuana but acquitted of drug charges involving heroine.  *See* D.E. 19 at 4.  But he did not indicate whether the marijuana convictions were the result of a guilty plea or a jury verdict.

The complaint alleges that in February of 2014, Deputy Smith stated that he observed Mr. Covington sell suspected heroin to a confidential informant (CI).  However, Deputy Smith was unable to find the drugs when he later met with the CI.  Instead, another deputy went back to the scene of the sale and returned with a bag of suspected heroin.

According to Mr. Covington, about a month later Deputy Smith applied for a "mobile tracking device" and "pen register

---

[1] Mr. Covington filed a motion to supplement the record on June 21, 2022. The exhibit in question is a portion of a transcript from Mr. Covington's motion to suppress hearing on August 21, 2015, before a state court.  It appears from Mr. Covington's underlining of certain portions of that transcript that he seeks to introduce this exhibit to support his merits claim that the warrant for the tracking device was based on certain omissions and misstatements made by Deputy Steven Smith. *See* Motion to Supplement at 15–16.  As we do not reach the merits of Mr. Covington's claims related to the seizure of the marijuana from his home, we deny the motion to supplement as moot.

device," misrepresenting that the CI had provided him with the drugs from the sale. Mr. Covington learned about these alleged misstatements—which were used to establish probable cause for the warrant—during Deputy Smith's deposition.

Mr. Covington claimed that after he was arrested in April of 2014 following an "alleged final control buy" with a CI, officials from the sheriff's office threatened him during a custodial interview in which he did not confess, used his car without his consent, illegally searched his residence without a warrant or consent and found marijuana and currency, and split his confiscated money. Mr. Covington also alleged that he was charged with crimes based on the illegal search and given a jail ID with an alias name.

Mr. Covington alleged that Deputy Smith's misrepresentation about the suspected heroin transaction to obtain warrants for the devices, and the subsequent use of those devices, violated his Fourth and Fourteenth Amendment rights. He also alleged that the sheriff's office officials violated his Fourth and Fourteenth amendment rights in their treatment of him after his arrest and in their use of his car, search of his residence, and splitting of his confiscated money. Finally, he posited that being charged based on the illegal search and given the wrong name violated his Fourteenth Amendment rights. Mr. Covington requested damages and a declaratory judgment that his rights were violated. He also noted that he "has been and will continue to be held unlawfully" as a result of the alleged conduct.

The defendants did not appear in the district court. The record does not indicate whether they were served with process.

The district court *sua sponte* dismissed the case with prejudice under 28 U.S.C. § 1915A because it was clear from the face of the complaint that Mr. Covington's § 1983 claims were time-barred. *See* D.E. 27 at 3–5. The court explained that Mr. Covington's claims were governed by Florida's four-year statute of limitations for personal injury claims. The events Mr. Covington described occurred between February and April of 2014, but he did not file his initial complaint until October 9, 2020. Accordingly, his claims were barred by the statute of limitations. *See id.* at 4. Mr. Covington timely appealed.

## II

We review a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915A *de novo*. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001). Plenary review also applies to "a district court's interpretation and application of a statute of limitations." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). Because Mr. Covington is proceeding *pro se*, we liberally construe his pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). But issues not briefed on appeal, even by *pro se* appellants, are deemed abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

III

On appeal, Mr. Covington argues that the district court erred in dismissing his 42 U.S.C. § 1983 complaint for a number of reasons. First, he asserts that his injuries were not apparent (and therefore his claims did not accrue) until the conclusion of his state-court criminal proceedings (i.e., trial, appeal, and post-conviction). Second, he contends that he could not have brought his § 1983 claims earlier due to *Heck v. Humphrey*, 512 U.S. 477 (1994). Third, he claims that he was entitled to statutory and equitable tolling. We address each in turn.

A

We begin with Mr. Covington's argument related to *Heck*. In *Heck*, the Supreme Court held that a plaintiff who has been convicted cannot bring a claim for damages under § 1983 if "a judgment in [his] favor . . . would necessarily imply the invalidity of his conviction or sentence[.]" 512 U.S. at 487. Such a plaintiff "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). But where the § 1983 action, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment . . . , the action should be allowed to proceed[.]" *Heck*, 512 U.S. at 487.

In his complaint, Mr. Covington stated that he had been convicted of charges related to marijuana but acquitted of charges related to heroin. *See* D.E. 19 at 5. Because Mr. Covington has no

heroin-related conviction, *Heck* is not a bar to his claim that Deputy Smith lied about the supposed heroin sales to the CI in his affidavit to obtain a warrant for the mobile tracking and pen register devices.  *Heck* also is not a bar to Mr. Covington's claim that the officials from the sheriff's office threatened him during a custodial interrogation.  Because the complaint indicates that Mr. Covington—despite the alleged threats—did not confess, success on the claim related to the threats would not necessarily demonstrate the invalidity of his marijuana-based convictions.  *See* D.E. 19 at 12–14.  The same is true for Mr. Covington's claim that the police used his car without his consent, confiscated and divided his money, and booked him under an alias name.  *See Dyer v. Lee,* 488 F.3d 876, 884 (11th Cir. 2007) ("[F]or *Heck* to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory.").  In Part B, therefore, we address whether the applicable statute of limitations bars Mr. Covington's claims for Deputy Smith's alleged misstatements about the heroin sales to obtain a warrant for the mobile tracking and pen register devices; for the threats during the custodial interrogation; for the use of his car; for the theft of his currency; and for his booking under an alias name.

There is, however, one claim that *Heck* potentially impacts.  That is the claim for the illegal search and seizure at Mr. Covington's home.  During this search, conducted without a warrant or consent, Mr. Covington alleges that the police found marijuana at his home.  *See* D.E. 19 at 15–17.  Because Mr. Covington was convicted of marijuana-related charges, it is possible that *Heck* bars a

claim at this time for the allegedly illegal search and seizure.  If Mr. Covington's conviction was based on the marijuana found at the home, a successful § 1983 claim might be "logically contradictory" with the conviction.  *See Dyer*, 488 F.3d at 884.  Without more information, and given the district court's *sua sponte* dismissal, we cannot determine with any certainty whether *Heck* bars Mr. Covington from bringing his illegal search and seizure claim at this time.  *See generally Hughes v. Lott*, 350 F.3d 1157, 1160–61 (11th Cir. 2003) ("Because an illegal search or arrest may be followed by a valid conviction, . . . a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. . . . In this case, the circumstances surrounding [the plaintiff's] convictions for burglary and receipt of stolen property are unknown from the record.  It was impossible, therefore, for the district court to determine that a successful § 1983 action for unreasonable search and seizure *necessarily* implied the invalidity of those convictions.").

We therefore vacate the district court's dismissal of the illegal search and seizure claim and remand for a determination as to whether *Heck* bars Mr. Covington from asserting such a claim at this time.  If it does, that claim should be dismissed without prejudice.

## B

We now turn to the dismissal of Mr. Covington's other claims as untimely.  Under 28 U.S.C. § 1915A, a district court must review a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer. The complaint must be dismissed if it fails to state a claim upon which relief may be granted. *See* § 1915A(b)(1). If a prisoner's allegations in his complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a viable claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

In § 1983 actions, federal courts look to state law to determine the applicable statute of limitations and statutory tolling rules. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). The limitations period for a § 1983 claim is governed by the statute of limitations for a personal injury claim in the state where the cause of action arose. *See id.* at 387. Here, the cause of action arose in Florida, and the statute of limitations period for Florida personal injury claims, and thus § 1983 claims, is four years. *See* Fla Stat. § 95.11(3)(p). *See also Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to . . . claims of deprivation of rights under 42 U.S.C. §§ 1983[.]"). Florida permits statutory tolling in only limited circumstances. *See* Fla. Stat. § 95.051 (setting out scenarios that permit tolling for certain limitations periods).

Although state law determines the applicable statute of limitation and statutory tolling rules, "[f]ederal law determines when a federal civil rights claim accrues." *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). The general federal rule is that a cause of action will not accrue until the plaintiff knows or should know "(1) that [he] ha[s] suffered the injury that forms the basis of [his]

complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283. "This [general] rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." *Rozar*, 85 F.3d at 562. The filing date for a § 1983 complaint filed by a *pro se* prisoner is the date of delivery to prison officials for mailing. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Here, the district court did not err in dismissing Mr. Covington's § 1983 claims for Deputy Smith's misstatements concerning the alleged heroin sales to obtain warrants for the mobile tracking and pen register devices, the threats during the custodial interrogation, the use of the car, the theft of the currency, and the booking under an alias name. As to those claims, it was clear from Mr. Covington's allegations that he knew or should have known about his injuries at the time they occurred, and those injuries occurred more than four years before he filed his initial complaint. *See* D.E. 19 at 12–18. Mr. Covington filed his initial complaint in October of 2020, more than six years after the conduct he complained of in these claims allegedly took place. The limitations period ended in April 2018, and so Mr. Covington's filing, two years after the limitations period expired, was untimely.[2]

---

[2] For example, with respect to his claims related to the warrants for the mobile tracking and pen register devices, it is clear from the face of the complaint that Mr. Covington learned of the facts supporting this cause of action during the deposition of Deputy Smith. *See* D.E. 19 at 10. Although he does not identify the date of the deposition, at the latest it must have occurred before his trial

## C

Mr. Covington also argues that even if he filed his complaint outside the limitations period, that period should be tolled. He is mistaken.

First, Florida law does not permit statutory tolling here. Prisoner status, the pendency of parallel court proceedings, or the potential a § 1983 complaint could be barred under *Heck*, are not listed as bases for statutory tolling. *See* Fla. Stat. 95.051 (not listing these reasons as permitting tolling).

Second, Mr. Covington's reliance on *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), is misplaced. In *Bonner*, we held that a prisoner's due process rights were violated when his § 1983 action was dismissed for limited reasons that did not include the expiration of the applicable statute of limitations. *See id.* at 1212. Mr. Covington cites to one of the magistrate judge's reasons in his report and recommendation below—that the governing statute of limitations would be tolled until Mr. Bonner completed his sentence—to conclude that his prisoner status tolls the

---

in September of 2016. *See* D.E. 13 at 2. Moreover, the motion to suppress, which asserted the same challenge to probable cause Mr. Covington now asserts in his § 1983 complaint, was filed in April of 2015. *Compare* D.E. 13-1 at 11–14 (motion to suppress) *with* D.E. 19 at 8–11 (§ 1983 second amended complaint). Assuming the deposition occurred in September of 2016, his initial complaint—which was filed in October of 2020—was still outside the statute of limitations period. Using this latest possible timeline, the limitations period expired in September of 2020.

statute of limitations here. *See id.* at 1208. But the holding in *Bonner* does not rest on this singular, isolated conclusion from the magistrate judge. On the contrary, we reversed the district court's dismissal and noted that there was "no evidence" that Mr. Bonner "was incapable of effectively pursing his suit" while he remained incarcerated. *See id.* at 1213. Furthermore, *Bonner* is a case out of Alabama, and Mr. Covington must contend with the tolling principles of Florida.

Third, Mr. Covington is not entitled to equitable tolling. In § 1983 cases, the Supreme Court has said that it looks to state law for tolling rules, just as it does for statute of limitations. *See Kato*, 549 U.S. at 394. Florida recognizes equitable tolling in certain circumstances. *See Machules v. Dep't of Admin.*, 523 So. 2d 1132, 1134–37 (Fla. 1988); *FDIC v. Nationwide Equities Corp.*, 304 So. 3d 1240, 1243–45 (Fla. 3d DCA 2020). Mr. Covington, however, does not adequately explain why he was prevented from timely filing his claims. Equitable tolling is therefore not warranted.

## IV

The district court did not err in dismissing Mr. Covington's § 1983 claims—with the exception of the illegal search and seizure claim—as time-barred. As to the illegal search and seizure claim, we vacate the dismissal and remand for a determination on a more developed record, whether that claim is currently barred by *Heck*.

**AFFIRMED IN PART AND VACATED IN PART.**