[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-11167

Non-Argument Calendar

————————————

JERLARD DEREK REMBERT,

Plaintiff-Appellant,

*versus*

OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF FLORIDA,
ATTORNEY GENERAL, STATE OF FLORIDA,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jerlard Rembert, a former state prisoner proceeding *pro se*, appeals the district court's order dismissing *sua sponte* of his 42 U.S.C. § 1983 complaint against Ashley Moody and the Florida Office of the Attorney General. The district court concluded that Rembert's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Rembert was attempting to challenge the validity of his conviction and incarceration but had not demonstrated that his conviction had been overturned. Moreover, the district court found that the statute of limitations also bars Rembert's action. After careful review, we affirm.

## I.     BACKGROUND

Rembert was convicted of first-degree murder in 1995. Between February 16, 1995, and January 31, 2013, Rembert was incarcerated in state prison. On December 29, 2021, Rembert filed a *pro se* complaint under 42 U.S.C. § 1983 in federal court. In the complaint, he asserted claims against the state attorney general for violating his constitutional rights. Specifically, he alleges that the Sixth Judicial Circuit Court in and for Pinellas County, Florida convicted him while he was incompetent in violation of the 8th and 14th Amendments of the U.S. Constitution. The district court dismissed the complaint for failure to state a claim, reasoning that *Heck*, 512

U.S. at 447, barred Rembert's claim because it would necessarily invalidate his conviction and that the statute of limitations bars the action. This appeal followed.

## II.   STANDARD OF REVIEW

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim, *Henley v. Payne*, 945 F.3d 1320, 1326–27 (11th Cir. 2019), "viewing the allegations in the complaint as true." *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). We also review *de novo* "a district court's interpretation and application of a statute of limitations." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If an appellant fails to properly challenge on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge to that ground, and it follows that the judgment is due to be affirmed. *Id.*

## III.   ANALYSIS

We construe *pro se* pleadings liberally and hold them "to a less strict standard than pleadings filed by lawyers." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). But "we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain

an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

Here, Rembert argues that the district court erred in dismissing his claims based on the *Heck* doctrine. But the district court dismissed Rembert's complaint on two independent grounds—the *Heck* doctrine and the statute of limitations. Because Rembert failed to address or challenge the district court's finding on the statute of limitations on appeal, he has abandoned any challenge in this regard, and the judgment is due to be affirmed. *Sapuppo*, 739 F.3d at 680. Moreover, as we may affirm on any ground supported by the record, we need not reach Rembert's remaining argument concerning *Heck*.

## IV. CONCLUSION

For the reasons stated, we affirm the district court's order.

**AFFIRMED.**