[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14646
_____

D.C. Docket No. 2:14-cv-14316-RLR


SHAUN FOUDY,
TONI FOUDY,

                                        Plaintiffs - Appellants,

versus

INDIAN RIVER COUNTY SHERIFF'S OFFICE,
SHERIFF DERYL LOAR,
in his official capacity as the Sheriff of the
Indian River County Sheriff's Office and in
his individual capacity,
DAVID BAILEY,
individually,
ERIC CARLSON,
individually,
JOHN FINNEGAN,
individually, et al.,

                                        Defendants - Appellees,

GREG LONG,
individually, et al.,

Defendants.

_____

No. 15-14659

_____

D.C. Docket No.  2:14-cv-14318-RLR

SHAUN FOUDY, TONI FOUDY,

Plaintiffs - Appellants,

versus

CITY OF PORT ST. LUCIE,
RICHARD S. GIACCONE,
STEVE CAMARA,
MICHAEL RYAN CONNOR,
MEYER GHOBRIAL, et al.,

Defendants - Appellees.

_____

No. 15-15015

_____

D.C. Docket No.  2:14-cv-14324-RLR

SHAUN FOUDY,

Plaintiff,

2

TONI FOUDY,

                                        Plaintiff - Appellant,

versus

CITY OF FORT PIERCE,
POLICEMAN JASON BRAUN,
JANE AND JOHN DOES (1-10),

                                        Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(January 9, 2017)

Before MARCUS and BLACK, Circuit Judges, and COHEN,[*] District Judge.

BLACK, Circuit Judge:

In this consolidated appeal, Toni and Shaun Foudy challenge the district

court's dismissals on statute of limitations grounds of their lawsuits against the

Indian River County Sheriff's Office, the City of Port St. Lucie, the City of Fort

Pierce, and numerous related individuals brought under the Driver's Privacy

Protection Act, 18 U.S.C. §§ 2721–2725 (the DPPA), and 42 U.S.C. § 1983.  The

Foudys assert the district court erred when it (1) applied an occurrence rule of

---

[*] Honorable Mark Howard Cohen, United States District Judge for the Northern District of Georgia, sitting by designation.

accrual to their § 1983 claims, (2) refused to apply equitable tolling to their DPPA claims, and (3) refused to relate their amended complaints back to their initial complaint filed on December 31, 2012.  After review and with the benefit of oral argument, we affirm.

## I. BACKGROUND

The Florida Department of Highway Safety and Motor Vehicles (DHSMV) maintains a Driver and Vehicle Information Database (DAVID).  DAVID contains Florida drivers' personal information including photographs, social security numbers, prior and current mailing addresses, and other similar data.  *See Foudy v. Miami-Dade Cty.*, 823 F.3d 590, 591 (11th Cir. 2016).  Toni and Shaun Foudy allegedly supplied their personal information to DHSMV, which was thereafter entered into DAVID.  The Foudys claim the Appellees, consisting of law enforcement agencies, their employees, and other officials throughout the state of Florida, repeatedly accessed the Foudys' private information through the DAVID database without their knowledge or consent, motivated at once by distaste for women in law enforcement (Toni Foudy is a police officer), attraction to Toni Foudy's physical beauty, and "morbid curiosity."  The Foudys learned of the alleged accesses, which took place between July 2005 and June 2011, when they sought an audit of all accesses of their DAVID information in April 2011.

4

On December 31, 2012, the Foudys filed suit in the Southern District of Florida against the St. Lucie County Sheriff's Office, the Indian River County Sheriff's Office, and various unnamed entities, individuals, DHSMV employees, and Florida law enforcement personnel. The Cities of Port St. Lucie and Fort Pierce and their respective employees were added in an amended complaint on March 7, 2014. The Foudys charged all defendants with violating the DPPA. *See* 18 U.S.C. § 2724 ("A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court."). The Foudys brought their claims directly under the DPPA as well as under 42 U.S.C. § 1983 in conjunction with the DPPA. On August 1, 2014, Judge Martinez, concerned the complaint constituted a mere "shotgun pleading," entered an order severing the Foudys' claims against the separate defendants. It was not readily apparent, the court observed, how the various claims constituted the same transaction. *See* FED. R. CIV. P. 20(a)(2)(A). The order dismissed all defendants except the first named defendant and granted the Foudys two weeks to refile separate actions against the dismissed parties. It specifically provided the newly-severed actions, when refiled, would be considered continuations of the prior action for statute of limitations purposes. The Foudys refiled thirteen separate actions within the allotted time.

Three of those suits form the basis of this consolidated appeal. Each complaint was filed August 15, 2014: one against the City of Port St. Lucie and certain related individuals (the Port St. Lucie Case); one against the Indian River County Sheriff's Office and related individuals (the Indian River Case); and one against the City of Fort Pierce and related individuals (the Fort Pierce Case). On January 16, 2015, Judge Rosenberg, presiding over the refiled cases, entered three identical paperless orders dismissing the Foudys' complaints in each case. The orders asserted the Foudys did not clearly demonstrate their claims against the various defendants arose out the same transaction, and adopted the reasoning of Judge Martinez's August 2014 dismissal. They stated Judge Martinez's order had "required Plaintiffs to show, if Plaintiffs proceeded against multiple defendants, how the conduct of the Defendants constituted the same transaction for the purposes of joinder." The Foudys not having done so, the court dismissed each case without prejudice, but did not provide for tolling of the statute of limitations as Judge Martinez's order had done. The Foudys were given fifteen days to refile separate actions against appropriate defendants and expressly state in any complaint naming multiple defendants how such parties' conduct constituted the same transaction for the purposes of joinder. By the morning of February 2, 2015, the Foudys had not refiled. The district court entered paperless orders closing each case, stating the Foudys could reopen the cases only by filing a motion explaining

6

their failure to comply with court orders and an amended complaint meeting the requirements of the January 16 order.  Later that same day, the Foudys filed motions to reopen in each case, attaching their amended complaints.  The Foudys provided no explanation as to how the claims against the defendants arose out of the same transaction.  The next day, the district court denied each of the motions, noting the Foudys had failed to explain how joinder was permissible, as the court had ordered them to do.  It gave the Foudys the opportunity to refile a motion responsive to the court's joinder concerns.  On February 18, 2015, the Foudys did so, and the court reopened the Indian River Case on June 3, 2015, the Port St. Lucie Case on June 11, 2015, and the Fort Pierce Case on June 19, 2015.

In each suit, the defendants moved to dismiss, asserting the Foudys' claims were barred by the statute of limitations.  The court issued two sets of nearly identical orders[1] on July 27 and 28, 2015 and September 9, 2015, which together held the occurrence rule applied to the Foudys' DPPA and § 1983 claims; thus, the statute of limitations began to run on the date the alleged violations occurred and not when they were discovered.  The district court determined the effective dates of the refiled complaints were March 5, 2015 with respect to the St. Lucie Case,

---

[1] In each of the three consolidated cases, each of the district courts orders are materially identical, down to the language used in the orders.  Unless otherwise stated, then, references to reasoning or action of the district court pertain to all three consolidated cases.  Initially, the district court found the § 1983 claims to be governed by a discovery rule and thus not necessarily time-barred, but revised its reasoning and conclusion in the September 9 orders.

7

June 23, 2015 with respect to the Indian River Case, and March 12, 2015 with respect to the Fort Pierce Case.[2]  In each instance, the Foudys had alleged no violations less than four years prior to such dates.  Accordingly, all of the Foudys' claims were time-barred, and the district court entered judgment in favor of the defendants and closed the cases.

On appeal, the Foudys initially argued the district court erred when it applied the occurrence rule to both the DPPA claims and the § 1983 claims.  After the parties had submitted their briefs, however, a panel of this Court held the occurrence rule applies to DPPA claims in the separate case of *Foudy v. Miami-Dade County*.  *See Foudy*, 823 F.3d at 593.  In their supplemental brief, the Foudys concede that case has become the law of this Circuit.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("[T]he holding of the first panel to address an issue is the law of this Circuit . . . .").  That issue is now foreclosed, and we need address only the remaining matters in this consolidated appeal.

## II. STANDARDS OF REVIEW

We review a district court's interpretation and application of a statute of limitations de novo.  *Harrison v. Dig. Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999).  "In reviewing an order granting a motion to dismiss, the appellate court must accept the factual allegations of the complaint as true and may affirm the

---

[2] No party challenges the district court's determination of these dates.

dismissal of the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Mesocap Ind. Ltd. v. Torm Lines*, 194 F.3d 1342, 1343 (11th Cir. 1999) (quotation omitted).

We review a district court's decision to dismiss a case for failure to comply with an order of the court for an abuse of discretion. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.1999). Although we review a district court's interpretation of its *own* orders for an abuse of discretion, *Cave v. Singletary*, 84 F.3d 1350, 1354–55 (11th Cir. 1996), we do not extend such deference to one district judge's interpretation of the orders of another judge, *Alley v. U.S. Dep't of Health & Human Servs.*, 590 F.3d 1195, 1202 (11th Cir. 2009).

## III. DISCUSSION

Though the DPPA contains its own cause of action, it does not provide its own statute of limitations. The applicable statute of limitations on DPPA claims is found in 28 U.S.C. § 1658. Section 1658(a) applies to all causes of action arising under federal statutes enacted after December 1, 1990 that do not otherwise set forth a specific limitations period. 28 U.S.C. § 1658(a) ("[A] civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."). As noted above, we recently held that a DPPA violation "accrues" within the meaning of § 1658(a) when the violation occurs. *Foudy*, 823 F.3d at 593. But *Foudy v.*

*Miami-Dade County* did not decide when a § 1983 claim based on the DPPA accrues. We do so now.

*A. Accrual of § 1983 Claim*

We have held that the DPPA, though it sets forth its own express right and remedy, is also actionable under § 1983. *Collier v. Dickinson*, 477 F.3d 1306, 1310 (11th Cir. 2007). The primary issue in this case is one of first impression: namely, whether a § 1983 claim for breach of the DPPA accrues at the time the alleged violations are or should have been discovered or, alternatively, at the time the violations occur. The Foudys acknowledge this Court's prior decision in *Foudy v. Miami-Dade County* is binding precedent and accordingly they accept their standalone DPPA claims are governed by the occurrence rule. They nevertheless maintain their § 1983 claims, though premised entirely upon the DPPA, accrued only upon discovery.

It is true that in many contexts, our cases have held § 1983 claims are governed by a discovery rule, such that the statute of limitations begins to run on a claim when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (quotation omitted). On the other hand, according to the Supreme Court, the ordinary rule is that a § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action.'"

10

*Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S. Ct. 542, 549 (1997)); *see also Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S. Ct. 28, 29 (1981) (holding a § 1983 action for unlawful termination of public employment accrued when the unlawful act, namely the decision to terminate, took place).  This is the ordinary accrual rule for statutes of limitations generally.  *See TRW Inc. v. Andrews*, 534 U.S. 19, 37, 122 S. Ct. 441, 452 (2001) (Scalia, J., concurring) ("The injury-discovery rule . . . is bad wine of recent vintage. Other than our recognition of the historical exception for suits based on fraud . . . we have deviated from the traditional rule and imputed an injury-discovery rule to Congress on only one occasion." (citations omitted)).  Accordingly, it should be clear that our application of the discovery rule in other § 1983 cases does not require us to apply it to a new circumstance.  *C.f. Hillcrest Prop., LLC v. Pasco Cty.*, 754 F.3d 1279, 1281–83 (11th Cir. 2014) (considering whether to apply discovery rule to a facial takings challenge to a zoning ordinance pursuant to § 1983), *cert. denied*, 135 S. Ct. 1844 (2015).  And indeed, though many of our own cases profess adherence to the discovery rule, the constructive knowledge element can cause it to function as an occurrence rule, holding a plaintiff "should have known" about an injury at the moment it occurs.  *See, e.g.*, *id.* at 1283 (concluding harm occurred when ordinance was passed and finding

11

plaintiffs knew or should have known of their injury at that time); *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) (holding an Eighth Amendment method of execution claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol); *Rozar*, 85 F.3d at 561–62 (finding equal protection claims accrued when allegedly discriminatory county board vote was taken because that is when injury occurred and plaintiffs had not met burden to show they were "justifiably ignorant" of the action at that time).

Section 1983 cases in which we have invoked the discovery rule have typically involved constitutional or general civil rights claims. *See Chappell v. Rich*, 340 F.3d 1279, 1281, 1283 (11th Cir. 2003) (§ 1983 deprivation of civil rights claim for denial of access to the courts); *Rozar*, 85 F.3d at 560, 562–63 (equal protection and takings claims); *Mullinax v. McElhenney*, 817 F.2d 711, 714, 716–17 (11th Cir. 1987) (conspiracy, false accusation and arrest, entrapment, harassment, and discrimination). In these ordinary § 1983 cases, the forum state's statute of limitations for personal injury actions applies. *See Chappell,* 340 F.3d at 1283; *Rozar,* 85 F.3d at 561; *accord City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5, 125 S. Ct. 1453, 1460 n.5 (2005) ("The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts.").

On the other hand, when a § 1983 claim arises under a federal statute enacted after December 1, 1990, and the underlying statute does not provide its own limitations period, the limitations period set forth in § 1658—not the forum state personal injury statute—governs. *See Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S. Ct. 1836, 1845 (2004) (asserting § 1658 applies to all claims "made possible" by a post-1990 enactment); *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337–38 (11th Cir. 2008) (holding § 1983 limitations period is determined under § 1658(a) for action based upon post-1990 amendments to 42 U.S.C. § 1981); *see also Abrams*, 544 U.S. at 123 n.5, 125 S. Ct. at 1460 n.5 ("Since the [§ 1983] claim here rests upon violation of the post-1990 [Telecommunications Act], § 1658 would seem to apply."). As stated above, the DPPA, enacted in 1994, is governed by § 1658, *see Foudy*, 823 F.3d at 593, so the § 1983 claim based on the DPPA is as well.

It is only logical that the occurrence rule applicable to the DPPA's statute of limitations would travel with it in § 1983 cases. As the Supreme Court has recognized, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace*, 549 U.S. at 388, 127 S. Ct. at 1095; *see also Mullinax*, 817 F.2d at 716. Here, our law interpreting the word "accrues" in § 1658 is clear with respect to the DPPA. Per *Foudy v. Miami-Dade County*, a DPPA cause of action "accrues" under § 1658(a) when the alleged DPPA violation occurs. *Foudy*, 823

F.3d at 593.  Thus the Foudys' § 1983 claim, governed as it is by the same statute of limitations, also accrued when the alleged violations occurred.

In the present case, any other conclusion would be anomalous.  It would be incongruous to confer upon the Foudys' § 1983 claim, entirely dependent as it is upon the DPPA, a more generous accrual rule than the underlying DPPA claim itself.  To paraphrase *Baker v. Birmingham Board of Education*, "[w]ere it not for the [DPPA, the Foudys'] complaint would fail to state a claim under § 1983." *Baker*, 531 F.3d at 1338.  We will not permit the Foudys to employ § 1983 to resuscitate their expired DPPA claims.

Finally, our holding supports the policies underlying all limitations provisions; namely, "repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities."  *Gabelli v. SEC*, 133 S. Ct. 1216, 1221 (2013) (citing *Rotella v. Wood*, 528 U.S. 549, 555, 120 S. Ct. 1075, 1081 (2000)).  Defendants should not be forced to sleep with one eye open while claims against them "slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  *Id.* (citing *R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 349, 64 S. Ct. 582, 586 (1944)).

14

Accordingly, we hold that a § 1983 claim based solely on the DPPA accrues at the same time as one brought under the underlying statute itself:  upon the occurrence of the alleged violation.

## B. Equitable Tolling

Despite our holding in *Foudy v. Miami-Dade County*, the Foudys insist their direct DPPA claims are not time-barred because although the causes of action accrued at the time of the alleged violations, the limitations period has been equitably tolled.  Equitable tolling by concealment is established either through "affirmative actions by the defendant constituting concealment" or "where the wrong is of such a character as to be self-concealing."  *Hill v. Texaco, Inc.*, 825 F.2d 333, 335 & n.2 (11th Cir. 1987).  The Foudys do not allege affirmative concealment by the Appellees; indeed, they appear to have received their data access audit promptly upon request.  Instead, they contend the DPPA violations were self-concealing.

The alleged DAVID accesses cannot be categorized as self-concealing wrongs.  We stated as much, albeit in dicta, in *Foudy v. Miami-Dade County*.  *See Foudy*, 823 F.3d at 594 ("The alleged DPPA violations are not by their nature self-concealing . . . ." (quotation omitted)).  A self-concealing wrong is one in which the clandestine nature of the activity is essential to the act itself, where a "deception, misrepresentation, trick or contrivance is a necessary step in carrying

15

out the illegal act," not merely "separate from the illegal act and intended only to cover up the act." *Hobson v. Wilson*, 737 F.2d 1, 33–34 n.102 (D.C. Cir. 1984), *overruled in part on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160 (1993); *see also Hill*, 825 F.2d at 335 n.2 (citing *Hobson* with approval). The alleged database accesses cannot be so described. True, they may have been difficult to discover without an audit, but the illegal act of accessing the database without a legitimate purpose does not by necessity involve a deception, misrepresentation, trick, or contrivance. A DPPA violation consists of "knowingly obtain[ing], disclos[ing] or us[ing] personal information, from a motor vehicle record" for a prohibited purpose. 18 U.S.C. § 2724. To accomplish the prohibited activity requires no deception—unlike, for example, a fraud.[3] Indeed, here, the unlawful act could be committed with the plaintiff's full knowledge. As a result, DPPA violations are not self-concealing and the Foudys cannot reap the benefit of equitable tolling.

---

[3] The *Hobson* court's elucidation of the concept is helpful:

> An example of [a self-concealing wrong] would be a scheme in which deception or misrepresentation affected the behavior of another, where that change in behavior enabled the would-be defendant to carry out his scheme—as where a person knowingly sells a fake vase as a real antique. In that instance, the statute would toll until the buyer discovered or should have discovered the deception.

*Hobson*, 737 F.2d at 33–34 n.102.

16

*C. Dismissal and Relation Back*

The Foudys claim the district court erred when it dismissed their actions for misjoinder on January 16, 2015, contending the district court misread Judge Martinez's severance order as requiring an explanation of any joinder of multiple defendants.  As a result, they assert their complaints should relate back to date of the first complaint filed on December 31, 2012.  *See* FED. R. CIV. P. 15(c).

The district court may have misconstrued Judge Martinez's order as requiring the Foudys to explain why joinder was appropriate when they refiled their amended complaints on August 15, 2014.  We would extend no deference to the court's interpretation of that order were it necessary to decide the issue.  *Alley v. U.S. Dep't of Health & Human Servs.*, 590 F.3d 1195, 1202 (11th Cir. 2009).  But whether or not the district court's dismissals were appropriate in the first instance, the Foudys' subsequent failure to obey court orders warranted closure of each case.  In the January 16 orders dismissing the cases, the court specifically stated that "[i]f Plaintiffs' amended complaint is directed towards more than one Defendant, Plaintiffs shall clearly specify how the alleged conduct of each Defendant arises out of the same transaction or is otherwise permissible in light of this Order."  The Foudys provided no such explanation when they refiled on February 2, despite the fact that each complaint named multiple defendants.

17

Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1388–89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by FED. R. CIV. P. 41(b)).  The district court's January 16 paperless orders clearly instructed the Foudys to explain their grounds for joinder in any complaint naming multiple defendants.  The Foudys failed to abide by this requirement when they refiled substantially similar complaints on February 2, 2015, unaccompanied by any such explanation.  Here, both the district court's February 3 refusal to accept the Foudys' amended complaints and its decision to deny their motions to reopen the cases were entirely appropriate and operated as a second dismissal without prejudice.

"Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citing *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)).  The statute of limitations is not automatically tolled in such a situation, absent some additional reason. *Justice v. United States*, 6

F.3d 1474, 1479–80 (11th Cir. 1993).  Here, as discussed above, there is none.  As a result, the complaints cannot relate back to December 31, 2012.

## IV. CONCLUSION

The statute of limitations began to run on the Foudys' claims when the alleged DPPA violations occurred.  The Foudys have failed to present any theory that would entitle their claims to be treated as filed within the limitations period.  Accordingly, their actions are time-barred, and the judgments of the district court are

**AFFIRMED.**