[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12636

Non-Argument Calendar

_____

COLLUCCI J. MYERS,

Plaintiff-Appellant,

*versus*

CLAYTON COUNTY BOARD OF COMMISSIONERS,
in its Official Capacity and its Successors,
PAMELA FERGUSON,
Probate Judge of Clayton County, Georgia
in her Official Capacity and in her Individual Capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-05186-CAP

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Collucci Myers appeals the district court's dismissal of her complaint. We affirm.

**I**

Myers worked as an assistant clerk in Clayton County's probate court until she was terminated by Pamela Ferguson, a probate judge, on September 13, 2018. After receiving a right-to-sue letter from the EEOC, on March 4, 2020, Myers sued the Clayton County Board of Commissioners and Ferguson, in her official and individual capacities, alleging discrimination and retaliation under various statutes and constitutional provisions. Magistrate Judge Alan Baverman pointed out several pleading defects to Myers, and upon her failure to correct those defects in two subsequent amended complaints, he recommended that her claims be dismissed without prejudice. District Court Judge Charles Pannell followed that recommendation and dismissed Myers's claims.

Following the dismissal of her first complaint, Myers filed a nearly identical complaint against the same defendants on

December 22, 2020. Upon seeing that the same district court and magistrate judges had been assigned to her case, Myers moved to recuse both judges. Judge Baverman denied the motion to recuse as to himself, and he recommended that Judge Pannell do the same. He noted that in Myers's first lawsuit, she was given two opportunities to amend her complaint before it was dismissed, and neither judge treated her any differently from other pro se plaintiffs by dismissing her complaint for failure to comply with procedural rules. Judge Pannell also denied the motion, noting that dismissal of Myers's earlier complaint wasn't a valid basis for a recusal motion.

The defendants moved to dismiss Myers's complaint for failure to state a claim, contending that her Title VII, ADEA, and § 1983 claims were time barred and that Ferguson couldn't be sued in her individual capacity under Title VII or the ADEA. Myers moved for default judgment against Ferguson in her individual capacity, asserting that Ferguson had never answered the complaint in her individual capacity. The district court granted the defendants' motion to dismiss, affirmed the magistrate judge's denial of Myers's motion for default judgment, and dismissed Myers's complaint with prejudice.

In her notice of appeal, Myers challenged only the district court's final order dismissing her complaint, but in her brief, she also challenges the judges' decisions not to recuse themselves. Because "designation of the final, appealable order allows us to review any earlier interlocutory orders that produced the judgment," we will review the decisions on the recusal motions as well as the

4                    Opinion of the Court                21-12636

final order. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 724 (11th Cir. 2020).[1]

## II

## A

For the first time on appeal, Myers contends that Judges Baverman and Pannell conspired to "run out the clock" on her claims and that, as a result, her equal-protection and due-process rights were violated. Absent exceptions not applicable here, this Court does not consider issues raised for the first time on appeal. *Finnegan v. Comm'r*, 926 F.3d 1261, 1271 (11th Cir. 2019). Accordingly, Myers forfeited these arguments by failing to raise them in the district court.

In any event, Myers's assertions that she didn't receive the lenient treatment accorded to a pro se litigant during her first lawsuit lack substantive merit. Myers was given two opportunities to amend her first complaint before it was dismissed due to her failure to comply with procedural rules. Under those circumstances, the judges didn't abuse their discretion in concluding that no objective

---

[1] "We review for abuse of discretion a district court's denial of a motion to recuse." *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013). We review the denial of a motion for a default judgment for the same. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). "We review a district court's interpretation and application of a statute of limitations de novo." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

disinterested lay observer would entertain significant doubts as to their impartiality. *See United States v. Scrushy*, 721 F.3d 1288, 1299 (11th Cir. 2013).

## B

With respect to the default-judgment motion, the district court didn't err in concluding that default judgment against Ferguson in her individual capacity wasn't warranted. The defendants' motion to dismiss was plainly meant to respond to Myers's complaint on behalf of Ferguson in her individual capacity. Indeed, the motion contained the argument that Ferguson can't be sued as an individual under Title VII and the ADEA. The district court didn't abuse its discretion by denying this motion.

## C

As for the district court's conclusion that all of Myers's claims were time-barred, Myers doesn't challenge this holding in her brief at all. Accordingly, she has abandoned that issue on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

★  ★  ★

**AFFIRMED.**