[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-11828

Non-Argument Calendar

_____

DEON D. JONES,

Plaintiff-Appellant,

*versus*

UNITED STATES VETERANS ADMINISTRATION, et al.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03397-CAP

———————————————

Before  WILSON, JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Deon D. Jones appeals from the district court's dismissal with prejudice of his amended complaint alleging tort claims under the Federal Tort Claims Act. The district court dismissed the complaint, sua sponte, because Mr. Jones failed to cure the deficiencies in his complaint after being ordered to do so by the court.[1]  Mr. Jones argues that the district court erred in dismissing his claims and that trial judge erred by not disqualifying himself.  Mr. Jones proceeded *in forma pauperis* and pro se both below and on appeal.

The case primarily concerns two of the district court's orders, the October 19, 2021 and the March 31, 2022 orders.  The October 19 order rejected the plaintiff's Second Amended Complaint because it utilized improper "shotgun" pleading.[2]  The district

---

[1] The district court made an alternative finding that Mr. Jones's complaint was "factually frivolous" and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because we affirm the district court's dismissal for failure to follow the court's order, we decline to address this alternative ground.

[2] A "shotgun" pleading is one where it is "virtually impossible" for the court and opposing parties to identify what facts support each legal theory because of the way the complaint was written. *Anderson v. Dist. Bd. of Trs. of Cent.*

court found that the complaint incorporated and realleged every previous allegation into each successive count in the complaint and mixed different legal claims together under the same headers. The district court noted this made it impossible to identify which facts supported which legal theories. In order to give Mr. Jones a chance to cure the defective pleading, the district court ordered him to file a more definite statement and provided specific guidance to not re-allege every allegation in each count and to separate each legal claim under different counts. The district court warned that failure to follow these directions would result in sanctions.

Despite this warning, instead of filing a more definite statement, Mr. Jones filed his Third Amended Complaint which was still structured in "shotgun" pleading form. The Third Amended Complaint continued to reallege every prior allegation in each count and confusingly mixed different legal claims under the same count. Accordingly, in its March 31 order the district court dismissed Mr. Jones's complaint for failure to follow the court's October 19 order. Additionally, the district court made an explicit finding that Mr. Jones's conduct rose to the "contumacious" level necessary to justify a dismissal with prejudice and noted that further leave to amend would be futile.

---

*Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Among other things, realleging all allegations in each count and failing to provide specific facts for each count are "perfect example[s] of 'shotgun' pleading." *Id.* at 365–66.

In addition to his amended complaints, the plaintiff filed five motions to recuse the trial judge throughout the proceedings below. In his fifth and final motion, Mr. Jones attached several press articles and provided copies of the recusal statute 28 U.S.C. § 455 and a copy of the Hobbs Act statute. In previous motions Mr. Jones had complained that the trial judge made adverse rulings against him in this and other cases. The district court denied the fifth motion to recuse in its March 31 order.

We review the district court's dismissal for failure to follow court orders for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). We review a district court's denial of a recusal motion for abuse of discretion. *In re Moody*, 755 F.3d 891, 898 (11th Cir. 2014).

Beginning with the order of dismissal, district courts possess an inherent power to manage their docket and dismiss complaints for failure to follow court orders. *Foudy*, 845 F.3d at 1126 (collecting cases). Further, district courts have an inherent authority to strike so-called "shotgun" pleadings and order a plaintiff to provide a more definite statement. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015). We have held that a plaintiff's failure to make "meaningful modifications" as required by the court justifies dismissal. *Id.* While dismissals with prejudice are normally disfavored, they are appropriate where the district court finds that the plaintiff has engaged in both (1) stubborn and willful contempt, in other words "contumacious conduct" and (2) that "lesser sanctions would not suffice." *Id.* (quoting *Betty K*

*Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

Here, the plaintiff's Third Amended Complaint violated the court's October 19 order to provide a more definite statement, and the district court did not abuse its discretion to dismiss the complaint. The district court's instructions were clear in its October 19 order: the plaintiff was not to reallege every allegation under each count and was to list each legal claim under a separate count. Mr. Jones did neither in his Third Amended Complaint. Under these circumstances it was not an abuse of discretion to dismiss the complaint. Further, the district court made explicit findings that the plaintiff's conduct rose to a level of "contumacious" behavior, based on (1) his total failure to attempt to comply with the October 19 order; (2) his repeated filings attempting to relitigate issues previously adjudicated, thus wasting the court's resources; and (3) his "increasingly aggressive posture" towards the court, including his allegations that the U.S. Marshalls were conspiring and threatening to attack him at the direction of the trial judge. On this record, Mr. Jones's behavior evinces repeated contempt and disregard for the district court and its proceedings, and therefore the district court's finding of "contumacious" behavior was not clearly erroneous. Further, the court found that, because of Mr. Jones's *in forma pauperis* status, monetary sanctions would be ineffective and the plaintiff's demonstrated failure to follow court orders made the possibility of further leave to amend futile. Thus, the district court made

both findings necessary under *Weiland* to justify dismissal with prejudice. 792 F.3d at 1321 n.10. Accordingly, we **AFFIRM.**

Turning to Mr. Jones's appeal from the denial of his motions to recuse the trial judge, the district court did not abuse its discretion. The standard to question a judge's impartiality under 28 U.S.C. § 455 is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002). The March 31 order provided a careful and reasoned consideration of Mr. Jones's pro se motion for recusal. The random press clippings, unadorned recitations of statutes, and wholly unsubstantiated accusations of conspiracy are not enough to engender "significant doubt about the judge's impartiality." To the extent that plaintiff's grounds for recusal reference adverse rulings in this and other cases handed down by the trial judge, we have routinely held such evidence is insufficient to require a judge's recusal. *See, e.g.*, *Bolin v. Story*, 225 F.3d 1234, 1239 ("[A] judge's rulings in the same or a related case are not a sufficient basis for recusal."). Accordingly, the district court did not abuse its discretion in denying the motion for recusal and we **AFFIRM.**

**AFFIRMED.**