[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14088

Non-Argument Calendar

_____

JOSE LUIS VERA,

Plaintiff-Appellant,

*versus*

MARKET WOOD LLC,
ADRIANA PICCOLI,
RICARDO RUBIN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:21-cv-23837-FAM

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Jose Luis Vera appeals from the district court's order dismissing his complaint for failure to comply with a trial order and the district court's order denying his motion to reopen the case. After careful review, we affirm.

## I.      FACTUAL AND PROCEDURAL HISTORY

Vera worked for Market Wood, LLC, Adriana Piccoli, and Ricardo Rubin (collectively, "Defendants") as a non-exempt sales associate.  Throughout his employment for Defendants, Vera worked an average of 46.5 hours per week but was only paid for 43 hours per week.  Vera regularly complained about this underpayment, and Defendants eventually demoted Vera from a sales associate to custodial work, which precluded him from earning commissions and reduced his compensation.  On September 27, 2021, Vera filed a complaint against Defendants in state court, alleging wage and hour violations under the Fair Labor Standards Act ("FLSA") (Counts I, II, and III), retaliation under the FLSA (Count IV), breach of contract (Count V), quantum meruit (Count VI), and unjust enrichment (Count VI) against Defendants.  On November 1, 2021, Defendants removed the case to federal court in the Southern District of Florida.

Defendants moved to dismiss as to Counts V, VI, and VII on November 1, 2021, arguing that Vera did not allege the elements necessary to state a claim for breach of contract, quantum meruit, and unjust enrichment and that Counts V, VI, and VII did not state a claim against the individual defendants Piccoli and Rubin. On February 13, 2022, the district court granted Defendants' motion to dismiss. The litigation continued as to Counts I, II, III, and IV.

Pursuant to the district court's order granting the parties' joint motion for extension, the deadline for Vera to file witness and exhibit lists was on November 16, 2022. Defendants' witness and exhibit lists were due on November 18, 2022, and the parties' pretrial stipulation was due on November 22, 2022. Due to the failure of both parties to comply with all these deadlines, the district court entered an order dismissing the case on November 28, 2022. The district court concluded that the parties had "either settled without notifying the Court or abandoned their claims and defenses." That same day, Vera moved to reopen the case, explaining that Vera had accepted an offer of judgment in the amount of $9,000 against Defendants on November 16, 2022, and requesting that the district court reopen the case and enter judgment against Defendants. Vera also stated that the failure to comply with the scheduling order and to notify the court of the resolution was excusable neglect in part because Vera's counsel "was out of town for the

Thanksgiving holiday break." On December 6, 2022, the district court denied Vera's motion to reopen the case.[1]

This timely appeal followed. Vera's notice of appeal stated that he was appealing "the Court's Order Dismissing Plaintiff's Complaint and Final Order of Dismissal issued November 28, 2022 and the Court's Order Denying Plaintiff's Motion to Reopen the case entered December 6, 2022." Vera's notice of appeal to this Court did not mention or attach the district court's February 3, 2022 order granting Defendants' motion to dismiss for failure to state a claim.

## II.    STANDARD OF REVIEW

We review a district court's dismissal of a case for failure to comply with court orders for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

## III.    ANALYSIS

Vera argues that the district court erred in dismissing his case against Defendants and in denying his subsequent motion to reopen. "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv. Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This authority permits a

---

[1] Also on December 6, 2022, Vera refiled his complaint, and it is pending before a judge in the Southern District of Florida. *See Vera v. Market Wood LLC, et al.*, No. 1:23-cv-20285 (S.D. Fla. filed Jan. 25, 2023).

district court to dismiss a claim if the plaintiff fails to comply with a court order. *Id.*; *accord Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). In general, a dismissal without prejudice is not considered an abuse of discretion because the plaintiff may still refile. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

Given Vera's failure to meet multiple court deadlines, his failure to notify the district court in any way of a pending resolution of the case, and the fact that he has already refiled his complaint, we conclude that the district court did not abuse its discretion in dismissing his claims.[2]

## IV.    CONCLUSION

For these reasons, we affirm the district court's order dismissing Vera's claims and its order denying his motion to reopen.

---

[2] Vera also requests review of the February 3, 2022, order dismissing portions of his complaint, even though he did not reference that order in his notice of appeal. "The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *See United States v. Ward*, 696 F.2d 1315, 1317 (11th Cir. 1983). "Although we generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice." *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1529 (11th Cir. 1987). And "where some portions of a judgment and some orders are expressly made part of the appeal, we must infer that the appellant did not intend to appeal other unmentioned orders or judgments." *Id.* Because Vera did not mention in his notice of appeal that he was appealing the district court's February 3 dismissal order, nor attach that order to the notice of appeal, we lack jurisdiction to review that order.

6                          Opinion of the Court                    22-14088

**AFFIRMED.**