[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10042

Non-Argument Calendar

_____

ODEIU JOY POWERS,
BP (MINOR CHILD),
PP (MINOR CHILD),

Plaintiffs-Appellants,

*versus*

U.S. HOMELAND SECURITY,
ACTING SECRETARY KEVIN MCALEENAN,
U.S. DEPARTMENT OF LABOR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-62967-AHS

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Odeiu Joy Powers, proceeding pro se, and her minor children, proceeding separately through counsel, appeal the district court's orders denying their motion for default judgment and granting the defendants' motion to dismiss their amended complaint alleging employment discrimination and retaliation. We conclude that the district court did not abuse its discretion in declining to enter a default judgment after two years of litigation or in granting the motion to dismiss after the plaintiffs refused to respond to the motion as required by the district court's order and local rules. We therefore affirm.

**I.**

In February 2019, Powers filed a complaint in the Northern District of Georgia against the Department of Homeland Security and its Secretary alleging harassment, discrimination, and retaliation based on race in violation of Title VII of the Civil Rights Act. The defendants filed a motion to dismiss for improper venue. The district court denied the motion and transferred the case to the Southern District of Florida.

In the transferee court, the defendants filed an answer to Powers's complaint, denying liability and asserting various defenses. After a complicated procedural course that included Powers's interlocutory appeal from an order denying her motion for injunctive relief (which we summarily affirmed) and her appeal from an order granting judgment on the pleadings (which we vacated and remanded), the district court granted Powers leave to file an amended complaint and directed her to do so within 21 days. Twenty-two days later, Powers filed an amended complaint against the Department of Homeland Security and the Department of Labor.

The defendants responded by moving to dismiss the amended complaint, and Powers moved to amend her pleading a second time. The district court granted Powers's motion to amend and instructed the defendants to respond to the second amended complaint within 14 days "after its filing."

Powers filed a second amended complaint on August 6, 2021, and it was entered on the docket three days later. The second amended complaint joined Powers's minor children, B.P. and P.P., as plaintiffs with respect to one claim and named the Secretary of the Department of Homeland Security and the Secretary of the Department of Labor as defendants. In total, the second amended complaint alleged 14 claims under state and federal law, all arising from Powers's nine-month period of employment as an auditor for the Department of Homeland Security. On August 23, 2021—14 days after the second amended complaint was docketed, and 17

days after it was filed—the defendants moved to dismiss the second amended complaint.

The same day, Powers filed a motion for default judgment against the defendants on the ground that their motion to dismiss was filed after the response deadline set by the court. The district court denied the motion, explaining that default judgment was not appropriate where the defendants had appeared and defended the case for more than two years, and where the motion to dismiss, though untimely, was filed within a few days after the deadline with no prejudice to the plaintiffs. The district court stated its intention to decide the case on the merits and directed the plaintiffs to respond to the motion to dismiss.

Instead of responding as directed, Powers filed a notice of appeal from the denial of the motion for default judgment and moved for a stay of the district court proceedings until the appeal was resolved. The district court granted the motion for a stay. Eventually, this Court dismissed the appeal for lack of jurisdiction. The district court then lifted its stay and ordered the plaintiffs to respond to the defendants' motion to dismiss the second amended complaint by December 3, 2021. Again, the plaintiffs failed to respond by the court's deadline.

On December 7, 2021, Powers filed a document titled "Acknowledgement of Order," in which she acknowledged the district court's order instructing the plaintiffs to respond to the defendants' motion to dismiss but declined (on behalf of herself and her two minor children) to comply. Powers asserted that

responding to the motion to dismiss "would be prejudicial against our case" because it would be inconsistent with the plaintiffs' motion for reconsideration of this Court's dismissal of her appeal and would "establish the legitimacy of Defense's late-filed response."

The district court dismissed the second amended complaint without prejudice for two alternative reasons. First, it concluded that dismissal was appropriate for the plaintiffs' willful failure to comply with a court order. Second, it determined that the defendants' motion to dismiss should be granted by default under the local rules of court. Powers and her children now appeal the denial of the motion for default judgment and the dismissal of the second amended complaint.

## II.

We review a district court's orders denying a motion for default judgment for abuse of discretion. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). We also review a district court's enforcement of its orders or its local rules for abuse of discretion, and we give "great deference" to the court's interpretation of its local rules. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017); *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (citation omitted).

## A.

Powers argues that the district court should have granted the motion for default judgment because the defendants failed to respond to the second amended complaint within the deadline set by the court, failed to request an extension of time to respond, and

failed to provide any excuse for missing the response deadline. She argues that the district court lacked the discretion to deny the motion for default judgment under these circumstances.

We disagree. A district court may enter a default judgment when a party "has failed to plead or otherwise defend," but it also has the discretion to deny a motion for default judgment. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002); *see* Fed. R. Civ. P. 55(a)–(b). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Surtain*, 789 F.3d at 1244 (citation omitted).

The district court made none of those errors here. We have previously explained that a district court acts within its discretion in denying a motion for default judgment where the defendant made an appearance in the case before the motion was filed and filed a motion to dismiss "a short time after the deadline" for filing the responsive pleading, with no prejudice to the plaintiffs. *Mitchell*, 294 F.3d at 1317. The defendants here filed their motion to dismiss within three days—one business day—after the deadline, and the plaintiffs have not shown that they were prejudiced in any way by the short delay. And before Powers filed the motion for default judgment, the defendants had diligently responded to Powers's prior complaints, motions, and appeals spanning more than two years of litigation. Under the circumstances, the district court did

not abuse its discretion in denying the motion for default judgment.

### B.

All three plaintiffs challenge the district court's dismissal of the second amended complaint. Primarily, the plaintiffs argue that the motion to dismiss was invalid because it was untimely, and that the district court lacked the discretion to accept the untimely filing absent a motion by the defendants and a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b). The minor children add that in light of Powers's pro se status, the district court should have construed the "acknowledgement" she filed as a response to the motion to dismiss.

Again, we disagree. We have already explained that the district court acted within its discretion in denying the motion for default judgment. The discretion to deny a motion for default judgment necessarily carries with it the discretion to accept the untimely responsive pleading. *Cf. Mitchell*, 294 F.3d at 1316–17; *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Moreover, contrary to plaintiffs' arguments, the defendants' motion was untimely only under the deadline set by the district court—the motion was filed within the time provided by the Federal Rules of Civil Procedure.[1]

---

[1] Though her pleading did not include the required certificate of service, Powers claimed to have served the defendants with the second amended complaint by mail on August 4, 2021. Under Rules 15(a)(3) and 6(d), the response deadline would have been August 21, 2021 (14 days from service plus 3 days' mail time). But because that day was a Saturday, the deadline would have been

Because the district court's acceptance of the late-filed motion to dismiss was a natural corollary to its denial of the motion for default and was not prohibited by any statute or rule, the decision was within the court's inherent authority to manage its docket. *See Dietz v. Bouldin*, 579 U.S. 40, 45–46 (2016) (district courts possess inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," so long as the exercise of that authority is a "reasonable response" to the issue before the court and is not "contrary to any express grant of or limitation on the district court's power contained in a rule or statute" (citations omitted)). Indeed, the district court exercised that authority in Powers's favor when it accepted her late-filed first amended complaint, and the court implied that it would have considered accepting a late-filed response to the defendants' motion to dismiss.

But the plaintiffs' "acknowledgement" of the court's order to respond to the motion to dismiss was not simply a late-filed response—and the court could not have construed it as one in the name of reading pro se filings liberally. The leniency traditionally accorded to pro se litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted). To construe the plaintiffs' "acknowledgement" as a response to the motion to dismiss, the district court would have had to ignore their

_____

extended to Monday, August 23, 2021—the day the defendants filed their motion—under Rule 6(a)(1)(C).

clear and explicit statements refusing to respond to the motion to dismiss or to address its merits.

Instead, the plaintiffs chose to rest on their assertion that the district court should not have accepted the motion to dismiss because of its late filing. Thus, the district court had before it a motion to dismiss, which it had accepted and ordered the plaintiffs to answer, and a filing in which the plaintiffs expressly stated that they would not respond to the motion to dismiss. The district court's local rules warn that the failure to respond in opposition to another party's motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L. R. 7.1(c)(1). The district court instructed Powers early in the litigation that she must comply with the local rules or face sanctions, and Local Rule 7.1 expressly warned her that the failure to respond to a motion could result in the court granting the motion. We cannot say that the district court abused its discretion in enforcing this rule against the plaintiffs in the face of their outright refusal to comply with the court's order to respond to the motion to dismiss.

## III.

The district court's denial of the plaintiffs' motion for default judgment is consistent with the strong preference in this Circuit for deciding cases on their merits rather than by default, and its decision was not an abuse of discretion. *See Surtain*, 789 F.3d at 1244–45. Unfortunately, the plaintiffs refused to proceed with the litigation by responding to the defendants' motion to dismiss, even after the district court ordered them to do so. Faced with the plaintiffs'

explicit refusal to respond to the motion to dismiss, the district court did not abuse its discretion in granting the motion, as provided in the court's local rules. We therefore affirm.

**AFFIRMED.**