[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14171

Non-Argument Calendar

_____

JAMES ALEXANDER LOGAN,

Plaintiff-Appellant,

*versus*

J. A. GODWIN,
T. DYKES,
LT,
P. WHITE,
MAJOR,
SANTA ROSA CI WARDEN,
D. STROBAUGH,
SGT, et al.,

2                    Opinion of the Court                    22-14171

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-09565-LC-HTC

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

James Logan, a Florida state prisoner proceeding *pro se*, filed a civil-rights action under 42 U.S.C. § 1983 asserting violations of his First, Fifth, and Eighth Amendment rights. After twice permitting leave to amend, the district court dismissed the action without prejudice for failure to comply with court orders and local rules. The court also indicated that Logan's claims lacked merit. Because the court did not abuse its discretion in dismissing the case for failure to comply with court orders, we affirm on that ground without reaching the merits of Logan's claims.

**I.**

In July 2022, Logan filed a 44-page complaint alleging various misconduct by prison officials and employees from April 2022 to June 2022, including sexual harassment, retaliation, improper property restrictions, falsified disciplinary reports, and excessive placement in close management.

A magistrate judge *sua sponte* reviewed this filing and ordered Logan to file an amended complaint. The judge found that the complaint was deficient in three ways: (1) it exceeded the court's 25-page limit under Northern District of Florida Local Rule 5.7(B); (2) it was not limited to a single incident or issue, and (3) it was hard to read and the allegations "wander[ed] from topic to topic." The magistrate judge ordered Logan to file an "amended complaint which more clearly sets out his claim, which addresses only a single incident or issue, which is legible, and which is 25 pages or less."

Logan moved to exceed the 25-page limit, but the magistrate judge denied relief, finding that Logan had not justified the need for more than 25 pages. The magistrate judge warned that failure to comply with the court's order could result in dismissal.

Logan timely filed a 29-page amended complaint in September 2022, which the magistrate judge accepted for screening even though it exceeded the page limit. The magistrate judge then dismissed the first amended complaint for failure to state a claim. In so doing, the magistrate judge reviewed Logan's allegations in detail, identified various deficiencies in his claims, and provided guidance on how to correct them. Although the magistrate judge was "doubtful" Logan would "be able to correct the defects," she nevertheless permitted Logan to file a second amended complaint.

She also granted Logan's motion for an extension of time to replead. But she instructed him not to include a legal memorandum, as he had suggested in his motion.

Logan filed his second amended complaint in October 2022, naming eleven defendants. The filing contained a total of 134 pages, consisting of (a) the completed second amended complaint form and attached handwritten answers (26 pages); (b) a supporting legal memorandum, which largely restated Logan's allegations and claims (22.5 pages); and (c) an exhibit list (2.5 pages) and various prison records related to his claims (83 pages).

The magistrate judge recommended dismissing the second amended complaint for failure to follow court orders. The judge found that Logan "completely disregarded" her prior orders and the local rules by submitting a 134-page second amended complaint that (1) well exceeded the 25-page limit, even if the exhibits were excluded, and (2) failed to cure the other deficiencies identified in the order granting leave to amend. According to the magistrate judge, that disregard of clear orders warranted dismissal. The magistrate judge also found that Logan had not stated a viable claim against any defendant.

Logan objected that his second amended complaint—excluding the attached memorandum of law and exhibits—was shorter than his first amended complaint, which the magistrate judge had accepted. He also maintained that he stated viable claims against the various defendants.

The district court adopted the magistrate judge's recommendation and dismissed the case without prejudice for failure to state a claim and failure to comply with court orders.

**II.**

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 845 F.3d 1117, 1126 (11th Cir. 2017). We review a dismissal for failure to comply with court orders for an abuse of discretion. *Id.* at 1122.

Ordinarily, a dismissal *without prejudice* for failure to comply with a court order is not an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) ("Although this case does not involve a series of violation of court rules or pretrial orders, because the case was dismissed without prejudice, we cannot say that the district court abused its discretion.").

Here, the district court did not abuse its discretion by dismissing Logan's case without prejudice for failure to comply with court orders and the local rules. The magistrate judge warned Logan that his amended complaints would be subject to dismissal if he exceeded the 25-page limit specified in the local rules. Although the magistrate judge appeared willing to accept some minimal excess, Logan's second amended complaint and attachments spanned 134 pages, well above that limit. Even excluding the extensive exhibits, the second amended complaint and accompanying memorandum of law still covered nearly 50 pages. While Logan believes the memorandum should be excluded, the court was permitted to consider the memorandum, which was not authorized, as part of the pleading under its local rules. *See* N.D. Fla., Local Rule 5.7(B) ("A petition, motion, or complaint, *together with any memorandum*, must not exceed 25 pages, unless the Court authorizes it.").

Because Logan disregarded clear instructions not to exceed the 25-page limit, the district court was empowered to dismiss the case without prejudice "to enforce its orders and insure prompt disposition of law suits." *See Dynes*, 720 F.2d at 1499 (quotation marks omitted). That the dismissal was without prejudice means he can refile his complaint, with appropriate amendments, if he so chooses.[1]

For these reasons, we affirm the dismissal without prejudice of Logan's §1983 civil-rights complaint for failure to comply with court rules. We do not consider whether Logan otherwise stated a viable claim to relief. Logan's motion for "judicial notice for immediate judicial action," which asks for relief outside the scope of this appeal, is **DENIED.**

**AFFIRMED.**

---

[1] Where a dismissal without prejudice would preclude a plaintiff from filing because of the statute of limitations, "we apply the stricter standard of review that we ordinarily employ when reviewing a dismissal with prejudice," which is a "sanction of last resort." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (quotation marks omitted). Because it does not appear the dismissal here would prevent Logan from timely refiling, we do not apply this stricter standard. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act.").