**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

—————————————

No. 25-10513
Non-Argument Calendar

—————————————

MICHAEL A. GORDON,

*Plaintiff-Appellant,*

*versus*

JOHN MANNING, et al.,

*Defendants,*

RONNIE WEEMS,
  Individual Capacity
RICKEY DIXON,
  Individual Capacity
OFFICER WEBS,
  Individual Capacity
CENTURION HEALTH, LLC,
  Individual Capacity
COLONEL MICHIELLE NIPPERS,
  Individual Capacity,

*Defendants-Appellees.*

—————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-00228-TJC-PDB

—————————————————

Before WILLIAM PRYOR, Chief Judge, and GRANT and BRASHER, Circuit Judges.

PER CURIAM:

Michael Gordon, a Florida prisoner on death row, appeals the district court's dismissal without prejudice of his civil rights complaint against prison officials and a private healthcare company operating within the prison. We affirm.

**I.**

Gordon filed a pro se complaint under 42 U.S.C. § 1983 against 12 corrections officers at the state prison facility where he is housed, alleging that the officers were negligent and violated his rights under the Eighth and Fourteenth Amendments. He alleged that on different occasions in 2023, various officers failed to provide mental health treatment, sprayed him with chemical agents, and put him in an empty cell and left him there in his boxer shorts for over 30 hours. He also alleged that some officers retaliated against him for filing grievances, "showing their ill-begottenness," and that an unnamed officer or officers punched him in the face and head and broke one of his fingers.

The district court dismissed Gordon's initial complaint for failure to comply with federal pleading rules. The court pointed

out specific pleading deficiencies and explained what was required to state a claim under § 1983, and it gave him leave to file an amended complaint.

Gordon filed an amended complaint and a proposed "supplemental complaint" against nine of the previously named defendants and numerous additional corrections officers, prison officials, and healthcare providers. He re-alleged the same events and claimed that the defendants violated his constitutional rights by using excessive force, showing deliberate indifference to his health and safety, maintaining his "heightened security" status, and using "electric shocking energy" and "brain data decoding" devices against him.

The district court determined that the amended complaint and supplement still failed to comply with the federal pleading rules for the same reasons as before, and because Gordon raised unrelated claims arising from different incidents involving different defendants. The court gave him "one final opportunity" to amend his complaint and advised him that if he chose to file a second amended complaint, he must "choose one or more related claims to raise" and correct the other pleading deficiencies. The court explained that "any unrelated claims must be raised in a separate lawsuit" and warned him that if his second amended complaint failed to comply with the court's instructions or the federal rules, the case could be dismissed without further notice.

Gordon filed a second amended complaint against five defendants: Rickey Dixon, the Secretary of the Florida Department of

Corrections; Officer Webs, Lieutenant Ronnie Weems, and Colonel Michielle Nippers, corrections officers; and Centurion Health, LLC, a private company that allegedly contracted with Dixon and the Florida Department of Corrections to provide healthcare to state prisoners. He alleged that Dixon negligently failed to train prison employees and provide mental health care at the prison where he was housed; Webs negligently failed to obtain emergency mental health treatment for him; Weems used excessive force against him by spraying him with chemical irritants and later left him in an empty cell with no mattress, bedding, or clothing except for boxer shorts for more than 30 hours; Nippers violated his due process rights by maintaining him on heightened security status without adequate explanation; and Centurion deliberately failed to provide proper medical treatment for a broken finger.

The district court dismissed the second amended complaint without prejudice after determining that (1) Gordon had not followed the court's instructions to limit his second amended complaint to claims that arose from the same basic issue or had overlapping facts, and (2) dismissal was required under 28 U.S.C. § 1915(e)(2)(B)(ii) in any event because Gordon failed to state a plausible constitutional claim against any of the defendants. Gordon now appeals.

## II.

We review the dismissal of an action for failure to comply with a court order for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

## III.

Gordon argues that the district court abused its discretion by dismissing his Second Amended Complaint based on his failure to follow the court's instruction to drop unrelated claims.[1]  He argues that the claims in his Second Amended Complaint were related, and that in any event, dismissal for failure to sever unrelated claims was not appropriate.  We disagree on both counts.

*First*, the claims in the Second Amended Complaint were not all related to each other.  The Federal Rules of Civil Procedure permit plaintiffs to join several people as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)–(B).  Some of Gordon's claims involved broadly similar legal issues—like his deliberate-indifference claims against Webs and Centurion—but no single set of facts or legal standard was common to his claims against all four defendants.  Apart from Dixon, who was alleged to be responsible for everything that happened in the prison, each of his claims involved a

---

[1] Because we conclude that the district court did not abuse its discretion by dismissing Gordon's complaint without prejudice for failure to comply with the court's instructions, we need not reach his argument that the Second Amended Complaint stated viable claims against Weems, Webs, and Centurion. *See Seminole Tribe of Florida v. Florida Dep't of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014) ("we may affirm the dismissal of a complaint on any ground supported by the record.").

separate incident or incidents and a different defendant, and each defendant was alleged to have acted independently of the others and caused a different injury.

*Second*, although the district court could have exercised its discretion to sever Gordon's claims into separate lawsuits or drop one or more of the defendants, it was not required to do so. *See* Fed. R. Civ. P. 21. District courts have "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quotation omitted). The district court here did not abuse its discretion by directing Gordon to organize the confusing hodgepodge of claims and defendants in his first amended and "supplemental" complaints into separate lawsuits involving related claims, especially given the other pleading deficiencies highlighted by the court.

And when Gordon failed to obey the court's order to sever unrelated claims from his Second Amended Complaint—despite the court's warning that failure to follow its instructions could result in dismissal—the district court had the authority to dismiss the complaint in its entirety. Dismissal for failure to comply with a court order generally is not an abuse of discretion, especially if the litigant was forewarned. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see Foudy*, 845 F.3d at 1125–26 (affirming dismissal after plaintiffs failed to comply with the court's instruction to include their grounds for joinder in any complaint naming multiple defendants). Moreover, a "district court will rarely be found to have abused its discretion in dismissing without prejudice because the

plaintiff is ordinarily permitted to simply refile." *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025).

The district court dismissed Gordon's Second Amended Complaint without prejudice and before the statute of limitations for his § 1983 claims expired. *See McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) (four-year statute of limitations applies to § 1983 claims arising in Florida). It also explained why the Second Amended Complaint failed to state a claim against Nippers in her official capacity, and why his negligence claims against Nippers, Dixon, Webs, and Weems were not cognizable under § 1983. Dismissing the complaint in this way would have allowed Gordon a fourth opportunity to plausibly allege claims against some or all of the defendants, as long as he brought unrelated claims in separate lawsuits. Under the circumstances, the district court did not abuse its discretion by dismissing the complaint rather than severing claims or dropping defendants.

## IV.

The district court acted within its discretion by dismissing Gordon's Second Amended Complaint in its entirety without prejudice for failure to comply with the court's order to sever unrelated claims. We therefore affirm.

**AFFIRMED.**