[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10384

Non-Argument Calendar

_____

CARL TAYLOR, JR.,

Plaintiff-Appellant,

*versus*

EXECUTIVE DIRECTOR AT THE FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR VEHICLES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cv-00155-RH-MJF

_____

Before NEWSOM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carl Taylor, Jr., proceeding *pro se*, appeals the district court's *sua sponte* dismissal without prejudice[*] of Taylor's *pro se* complaint under 42 U.S.C. § 1983. The district court dismissed Taylor's complaint for failure to prosecute and for failure to comply with court orders. No reversible error has been shown; we affirm.

In July 2021, Taylor filed this civil action against Terry Rhodes, Executive Director at the Florida Department of Highway Safety and Motor Vehicles. Briefly stated, Taylor alleged that Rhodes violated his due process rights on 18 February 2021, when Rhodes sent Taylor a letter indicating that Taylor had a suspended driver's license, tag, and registration. According to Taylor -- because he has no driver's license in any state and has no Florida fishing and hunting license -- Rhodes's letter violated Taylor's due process rights under Florida law. As relief, Taylor sought $3 trillion in damages.

A magistrate judge granted Taylor leave to proceed *in forma pauperis*. Thereafter, the magistrate judge conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). On 8 October 2021, the

_____

[*] Generally speaking, an involuntary dismissal without prejudice constitutes a final order for purposes of appeal. *See Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993).

magistrate judge determined that Taylor's complaint was deficient for several reasons, including for failure to comply with the district court's local rules and for failure to state a plausible claim for relief under federal pleading standards. The magistrate judge ordered Taylor to file an amended complaint correcting the deficiencies (or to file a notice of voluntary dismissal) on or before 29 October. The magistrate judge cautioned Taylor that failure to comply with the court's order "likely will result in dismissal of this action." Taylor filed no response to the 8 October order.

On 9 November, the magistrate judge ordered Taylor to show cause -- on or before 30 November -- why he failed to comply with the 8 October order. The magistrate judge warned that failure to comply with the order would likely result in dismissal of the action. Once again, Taylor filed no response.

On 9 December 2021, the magistrate judge issued a report and recommendation ("R&R"). The magistrate judge recommended that the district court dismiss Taylor's action without prejudice for failure to prosecute and for failure to comply with court orders. Taylor filed no objections to the R&R. On 5 January 2022, the district court adopted the R&R and dismissed the case without prejudice. The district court later denied Taylor's motion to reopen. Taylor then filed a notice of appeal.

We review a district court's dismissal for failure to comply with court orders or for failure to prosecute under an abuse-of-discretion standard. *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1122 (11th Cir. 2017); *Goforth v. Owens*, 766 F.2d 1533,

1535 (11th Cir. 1985).  Although we construe liberally *pro se* pleadings, *pro se* litigants must still conform to procedural rules.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

"The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits."  *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (quotation omitted).  The district court has the authority to dismiss an action *sua sponte* for failure to obey a court order or for lack of prosecution.  *See Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Generally speaking, a dismissal made *without* prejudice constitutes no abuse of discretion because the affected party may refile his civil action.  *See Dynes*, 720 F.2d at 1499 (concluding that -- because the case was dismissed without prejudice -- the district court abused no discretion by dismissing for failure to file a court-ordered brief).  Unlike a dismissal *with* prejudice, dismissal *without* prejudice requires no showing of willful noncompliance with court orders or a determination that a lesser sanction would not suffice.  *Compare Betty K Agencies*, Ltd., 432 F.3d at 1337-38 (describing a dismissal with prejudice as "an extreme sanction" requiring precise findings by the district court of a clear pattern of delay or willfulness), *with Dynes*, 720 F.2d at 1499 (concluding that a dismissal without prejudice constituted no abuse of discretion even in response to a single violation).

As an initial matter, Taylor's appellate brief consists only of a copy of his July 2021 complaint.  Construed liberally, Taylor's

"brief" includes no substantive argument challenging either of the district court's two reasons for dismissing Taylor's civil action: failure to prosecute and failure to comply with the court's orders. So, Taylor has forfeited the argument that the district court erred in dismissing without prejudice his complaint. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (concluding that issues not presented properly on appeal are deemed forfeited and will not be addressed absent extraordinary circumstances); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

Even if Taylor had not forfeited arguments on appeal, we likely would not conclude that the district court abused its discretion in dismissing Taylor's complaint without prejudice. At the time of dismissal, Taylor had failed to comply with both the 8 October order to file either an amended complaint or a notice of voluntary dismissal and the 9 November show-cause order. Both orders warned Taylor expressly that failure to comply would likely result in dismissal of his action. Nor did Taylor object to the magistrate judge's recommendation that his case be dismissed for failure to prosecute and for failure to comply with court orders. Given Taylor's silence in response to the district court's orders, the district court seems to have acted within its authority to dismiss *sua sponte*

6                    Opinion of the Court                    22-10384

Taylor's action for failure to prosecute and for failure to comply with court orders.

AFFIRMED.