**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13122

Non-Argument Calendar

_____

WASEEM DAKER,

*Plaintiff-Appellant,*

*versus*

GREGORY DOZIER,
  former GDC Commissioner,
HOMER BRYSON,
  former GDC Commissioner,
TIMOTHY WARD,
  former GDC Assistant Commissioner,
RICK JACOBS,
  former GDC Facilities Director,
DEPUTY FACILITIES DIRECTOR, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:22-cv-00072-JRH-CLR

_____

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker appeals pro se from the district court's order dismissing his complaint filed pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Daker argues that the district court abused its discretion by dismissing his complaint for failure to comply with the District Court for the Northern District of Georgia's ("Northern District") filing injunction ("Order"). Daker makes six arguments as to how the district court abused its discretion: (1) the Order is an impermissible universal or nationwide injunction pursuant to *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), (2) the warning that failure to comply with the Order would result in summary dismissal only applies to the Northern District, (3) Daker's amended complaint corrected any issues, (4) the district court did not accept Daker's factual allegations as true, (5) *Perttu v. Richards*, 605 U.S. 460 (2025), required the district court to submit Daker's court-access claims to a jury, and (6) dismissal with prejudice was impermissible.

## I. DISCUSSION

*A. Universal Injunction*

Daker argues that the district court abused its discretion by dismissing his complaint for failure to comply with the Order because the Order is an impermissible universal or nationwide injunction pursuant to *Trump v. CASA, Inc.*, 606 U.S. 831 (2025).

We review a district court's decision to dismiss for failure to comply with a court order for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

We review questions of constitutional law de novo. *Kentner v. City of Sanibel*, 750 F.3d 1274, 1278 (11th Cir. 2014).

In *CASA*, the Supreme Court held that universal injunctions are beyond the power of the federal courts because the Judiciary Act does not permit them, and federal courts "resolve cases and controversies consistent with the authority Congress has given them." 606 U.S. at 847, 861. The Supreme Court stated that "[s]uch [universal] injunctions are sometimes called 'nationwide injunctions,' reflecting their use by a single district court to bar the enforcement of a law anywhere in the [n]ation." *Id.* at 837 n.1. However, the Supreme Court further stated that "the term 'universal' better captures how these injunctions work," because "[e]ven a traditional, parties-only injunction can apply beyond the jurisdiction of the issuing court." *Id.* The Supreme Court stated that "[t]he difference between a traditional injunction and a universal injunc-

tion is not so much *where* it applies, but *whom* it protects: [a] universal injunction prohibits the [g]overnment from enforcing the law against *anyone*, anywhere." *Id.* (italics in original).

We have stated that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). The courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. One means through which the courts can execute this responsibility is through the "power to enter injunctive relief against such a recalcitrant litigant." *Id.* We have also stated that "the district courts are authorized by the All Writs Act" to issue injunctions "to restrict access to vexatious and abusive litigants." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).

Here, the district court did not abuse its discretion because the Order is not a universal injunction. The injunction is limited to Daker, who is a party in the litigation, and it does not "prohibit[] the [g]overnment from enforcing the law against anyone, anywhere." CASA, 606 U.S. at 837 n.1 (italics in original). Because the Order is not a universal injunction, it is not barred by the Judiciary Act. Id. at 847.

*B. Failure to Comply Warning*

On appeal, Daker argues that the district court abused its discretion by dismissing his complaint because the warning that failure to comply with the Order would result in summary dismissal only applies to the Northern District and does not warn him of dismissal in other courts. But this Court held in a recent unpublished opinion that, "contrary to Daker's assertion, the [Order] clearly stated that it applied outside of the Northern District." *Daker v. Hays SP Warden (Daker II)*, No. 23 12852, manuscript op. at 6 (11th Cir. Feb. 20, 2026). Therefore, the district court did not abuse its discretion because Daker received warning that failure to comply with the Northern District's Order would result in dismissal in the district court.

## C. Amended Complaint

Daker argues that the district court abused its discretion by dismissing his amended complaint because dismissal was overly harsh, his amended complaint showed that he tried to comply with the Order, he had a right to amend and timely did so pursuant to Federal Rule of Civil Procedure 15(a)(1) ("Rule 15(a)(1)"), and the amended complaint was operative and mooted any issues with the original complaint.

Rule 15(a)(1) states that:

A party may amend its pleading once as a matter of course no later than:
(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive plead-
ing is required, 21 days after service of a responsive
pleading or 21 days after service of a motion under
Rule 12(b), (e), or (f), whichever is earlier.

Daker's amended complaint failed to comply with the Order
by omitting a copy of it, the district court reasonably determined
that his litigiousness indicated that he did not attempt to comply in
good faith, and the district court reasonably determined that allow-
ing belated compliance would overlook abuse.  In addition, even if
this Court were to address Daker's timeliness argument, he tacitly
admits that a reading of the plain language of Rule 15(a)(1) would
not allow his amendment, given that he did not file his amended
complaint within 21 days after his original complaint, and there has
been no response or service of an apt motion.  Thus, the district
court did not abuse its discretion because Daker's amended com-
plaint failed to comply with the Order.

## D. Allegations in the Complaint

Daker argues that the district court abused its discretion by
dismissing his amended complaint without accepting his allega-
tions that prison staff denied him access to stored legal materials
and photocopying and destroyed his only copy of the Order as true
because they showed good cause as to why he did not comply with
the Order.

24-13122               Opinion of the Court                    7

We have held that a district court's dismissal of a § 1983 and RLUIPA claim for failure to state a claim should view the allegations in the complaint as true. *See Dorman v. Chaplains Off. BSO*, 36 F.4th 1306, 1310 (11th Cir. 2022). However, the district court did not abuse its discretion because it did not dismiss Daker's complaint for failure to state a claim; rather, it dismissed Daker's complaint for failure to comply with a court order.

*E. Court-Access Claims to a Jury*

Daker argues that the district court abused its discretion by dismissing his complaint without submitting his court-access claims to a jury because *Perttu v. Richards*, 605 U.S. 460 (2025), requires such since his claims were intertwined with the merits of whether there was a showing of good cause for failure to comply with the Order. In *Perttu*, the Supreme Court held that inmates "have a right to a jury trial on [Prison Litigation Reform Act] exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment" right to a jury trial. 605 U.S. at 468.

Here, the district court did not abuse its discretion because it did not dismiss Daker's complaint for lack of exhaustion; rather, it dismissed Daker's complaint for failure to comply with a court order.

*F. Dismissal with Prejudice*

Daker argues that the district court abused its discretion by dismissing his complaint effectively with prejudice pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") because defendants were unserved and the district court therefore lacked personal jurisdiction over them, neither the magistrate judge nor the district court made the required findings for a dismissal with prejudice, and the Northern District has said that such summary dismissal for non compliance should be without prejudice.

Rule 41(b) states that:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

We have held that a district court may order a dismissal with prejudice when it makes the required findings that "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quotation omitted). A district court may implicitly find that less severe sanctions would not

sufficiently penalize the party's conduct. *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006).

Here, the district court did not abuse its discretion because dismissal with prejudice was appropriate. The district court here also did not specify whether its dismissal was with prejudice but, assuming that it was pursuant to Rule 41(b), it made the required findings that Daker engaged in contumacious conduct by blatantly disregarding the Order and, implicitly, that no less severe sanction would sufficiently penalize his conduct. Accordingly, the district court did not abuse its discretion by dismissing Daker's complaint.

**AFFIRMED.**